## Altieri *v.* Allentown Officers' and Employees' Retirement Board, Appellant.

Argued April 9, 1951. Before STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Ralph H. Griesemer,* City Solicitor, with him *Joseph B. Walker,* Assistant City Solicitor, for defendants.

*William S. Hudders,* with him *Butz, Steckel, Hudders & Rupp,* for plaintiff, Altieri.

*Donald L. LaBarre,* for plaintiffs, Reber et al.

OPINION BY MR. JUSTICE JONES, June 27, 1951:

These appeals are from a judgment in an action of mandamus which a number of former employees of the City of Allentown (a city of the third class) instituted against the Allentown Officers' and Employees' Retirement Board and the individual members of the board. The city's retirement system and the administering board were created by ordinance enacted May 1, 1946, pursuant to authority conferred by the Third Class City Employees Retirement Law of May 23, 1945, P. L. 903, 53 PS §§12198-4371 to 4384 incl. The ordinance incorporated, by adoption, the material provisions of the Act. The plaintiffs sought to compel the defendants to award them retirement pay to which they claim they are entitled by virtue of the ordinance. All of the claims are asserted under the provision supplied by Sec. 4(b) of the Retirement Act.

The defendants filed preliminary objections to the complaint, alleging improper joinder of the individual members of the Retirement Board as parties defendant and, further, that Section 4(b) of the Third Class City Retirement Act is unconstitutional as constituting a grant of extra compensation to public employees after their services have been rendered in violation of Article III, Section 11, of the Constitution of the Commonwealth. The defendants later interposed the additional objection that Sec. 4(b) amounted to a charitable gratuity to a person in violation of Article III, Section 18, of the Constitution. The learned court below sustained the objection to the joinder of the board members as defendants but construed Sec. 4(b) of the Retirement Act in such a way as to accredit four of the plaintiffs with an immediate right to retirement benefits while denying such right to the two other plaintiffs and rejected the defendants' constitutional contentions. The court accordingly entered an order awarding to the four successful plaintiffs a peremptory writ and dismissing the proceeding as to the other two. One of the latter has appealed as has, also, the Officers' and Employees' Retirement Board.

So much of Section 4(b) as is presently material provides as follows: "Section 4 . . . (b) Where an officer or employe shall have served for twelve (12) years, or more, and his tenure of office or employment shall be terminated without his voluntary action before the expiration of twenty (20) years of service, he shall, in such event, during the remainder of his life, be entitled to receive such portion of the full compensation as the period of his service up to date of its termination bears to the full twenty-year period of service; where an officer or employe who has served for twenty (20) years, or more, and his tenure of office or employment shall be terminated without his vol-

untary action then he shall be entitled to full compensation for the remainder of his life."

The employment of the plaintiffs was terminated by the city without voluntary action on their part. At the times of the termination of their services, all of the six plaintiffs had been employed by the city for more than 12 years but less than 20 years; and four of them were past 60 years old.[1] It was the two plaintiffs under 60 years in age to whom the court presently denied retirement benefits.

It is apparent that all of the plaintiffs qualify for immediate retirement under the language of Section 4(b) as written. But, the section contains no age limitation at which employees may be retired when their services have been dispensed with involuntarily. The plaintiff-appellant (Altieri) contends that, despite the fact he was but 39 years old when his services were terminated by the city, he was entitled forthwith, as a 17-year employee, to retirement pay, as measured by the Act, for the remainder of his life. The learned court below expressed the opinion that, if such were the only possible interpretation of Section 4(b), then it was violative of both Sections 18 and 11 of Article

---

[1] The ages and city employment experience of the plaintiffs at the times of the termination of their services by the city were as follows:

Alexander Altieri, age 39, service began September 15, 1932, terminated January 27, 1950, for a tenure of 17 years and 4 months.

Charles A. Reber, age 68, service began January 1, 1938, terminated January 31, 1950, for a tenure of 12 years and 1 month.

Harry Hiller, age 59, service began in 1932, terminated June 29, 1946, for a tenure of 14 years and 5 months.

William N. Heilman, age 62, service began January 15, 1938, terminated March 31, 1950, for a tenure of 12 years and 2½ months.

Kate A. Hartman, age 67, service began January 15, 1938, terminated June 15, 1950, for a tenure of 12 years and 5 months.

Albert J. Eddy, age 61, service began August 1, 1936, terminated June 15, 1937, for a tenure of 13 years and 10½ months.

III of the Constitution. In this, the court coincided with the opinion of the Court of Common Pleas of York County in a companion case which was argued before us on appeal together with the instant case: see *Akins v. York Officers' and Employees' Retirement Board*, p. 182 post. However, in this case the court supplied the deficiency in Section 4(b) by reading into it the age requirement of Section 4(a) (viz., 60 years) for the commencement of retirement which requirement is limited to cases of *voluntary* retirement of city employees who have served the municipality for a period of 20 years or more and has no applicability whatsoever to the claims presented by the petitioners. As thus implemented, the court below held that Section 4(b) did not violate the Constitution. It is unnecessary for us to pass upon the constitutional questions raised. "It is a fundamental rule that a court will never pass on the constitutionality of a statute unless it is absolutely necessary to do so in order to decide the cause before it": *Commonwealth to use, etc., v. Picard*, 296 Pa. 120, 124, 145 A. 794; see, also, *DeSarro v. Snowdon*, 157 Pa. Superior Ct. 150, 154, 42 A. 2d 89. No such necessity is present here.

The question primarily involved in this case is whether Section 4(b) of the Retirement Act is complete and workable. The answer to that question is in the negative and is dispositive of the controversy. A fixed age for the commencement of retirement is a requisite of the system. As was said in *Retirement Board of Allegheny County v. McGovern*, 316 Pa. 161, 173, 174 A. 400, "retirement acts are based on the theory of an adjusted compensation for time and service, payable in the future, provided the employee serves the required length of time and reaches the *required age*" (Emphasis supplied). Section 4(b) is, therefore, incomplete and unenforceable. The provision expresses no intent that payment of involuntary retirement bene-

fits commence with the termination of the employee's services; and, no date for the commencement is specified. Nor may the deficiency be supplied by reading into Section 4(b) the age requirement of another and unrelated provision of the Act. What the legislature failed to include, a court may not add. As we said in *Olyphant Borough School District v. American Surety Co.*, 322 Pa. 22, 28, 184 A. 758,—"It is not for us, by interpretation, to add to the statute a requirement which the legislature did not see fit to include." See also *Commonwealth v. First National Bank and Trust Company of Easton*, 303 Pa. 241, 251, 154 A. 379.

The plaintiff-appellant argues that the age at which retirement is to commence under Section 4(b) is when the employee's services are terminated without voluntary action of his own. The contention is obviously untenable. No such intent is to be imputed to the legislature. A retirement system is supposed to bear some reasonable relation not only to the length of the public service of the recipients but also to the fact that they "have reached an age where through decreased earning power because of impairment of mental or bodily vigor, they are compelled to separate themselves from active service." *Retirement Board of Allegheny County v. McGovern*, supra, at p. 164; see also *Kurtz v. Pittsburgh*, 346 Pa. 362, 373, 31 A. 2d 257. While the matter last above quoted was said with respect to voluntary retirement, the requisite justification for involuntary retirement can be no less. Termination of a public employee's services for political reasons is to be guarded against through Civil Service rather than by retirement at public expense regardless of the recipient's age or condition. The construction of Section 4(b) which the plaintiff-appellant advocates would, if adopted, produce glaring inequities in favor of involuntary retirement over voluntary retirement. Such inequities and discrimination are manifest and need

not be detailed here. They serve further to confirm the absence of any legislative intent to make involuntary retirement commence at the time of the termination of the employee's services. The legislature is not to be presumed to have intended an unreasonable result: Statutory Construction Act of May 28, 1937, P. L. 1019, Sec. 51(1), 46 PS §552(1).

The judgment under review at No. 137 is reversed and here entered for the defendant; the question raised at No. 140 has thus become moot and the appeal is therefore dismissed.