## Ellison *v.* Safeguard Mutual Insurance Company, Appellant.

Argued December 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Malcolm H. Waldron, Jr.,* with him *Alan R. Kutner,* for appellant.

*Norman Shigon,* for appellee.

OPINION BY MONTGOMERY, J., April 12, 1967:

This is an appeal from a judgment entered pursuant to the order of Judge MICHAEL J. O'DONNELL of

the County Court of Philadelphia confirming an award of the American Arbitration Association and authorizing the entry of judgment in favor of the appellee-plaintiff. The appellant-defendant challenges the right of the plaintiff to compel arbitration and the jurisdiction of the County Court to confirm such an award.

On January 9, 1966, the minor plaintiff was involved in an automobile accident with an alleged uninsured motorist. The defendant, the insurer of Ernest Ellison, the plaintiff's husband, refused to pay the loss on the ground that the policy did not contain coverage for loss occasioned by an uninsured motorist. The effective date of this policy was January 7, 1966, two days before the accident.

The plaintiff then instituted arbitration proceedings before the American Arbitration Association and in submitting the dispute to arbitration relied on Section 1 of the Uninsured Motorist Coverage Act of August 14, 1963, P. L. 909, 40 P.S. §2000, which provides that all motor vehicle liability insurance policies delivered or issued in Pennsylvania shall provide coverage for uninsured motor vehicles, unless expressly rejected in writing; and the regulations of the Insurance Department of Pennsylvania setting forth the standard form for such uninsured motorist coverage, Regulation 14, Chapter No. 1, Form No. 1. Paragraph eight of the Conditions to Form No. 1 requires arbitration in accordance with the American Arbitration Association rules when there is a dispute about whether a person is legally entitled to recover damages from the owner or operator of an uninsured automobile or there is a dispute as to the amount of payment under the uninsured motorist protection.[1]

---

[1] "8. Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree

The arbitration hearing at which the defendant failed to appear after timely notice resulted in an award for the plaintiff in the sum of $4,336.38. The plaintiff then filed a petition for confirmation of this award in the County Court of Philadelphia whereupon the court ordered a rule to show cause why the rule for confirmation of the arbitration award should not be made absolute, and in default of an answer by the defendant made the rule absolute on August 5, 1966. The defendant had indeed filed an answer on August 1, 1966, but due to an incorrect court number thereon it was not brought to the court's attention before the rule was made absolute. The defendant never requested the lower court to reconsider its order of August 5, 1966, in order to consider the misfiled answer. Instead, the defendant appealed to this Court.

Regulation 14 as issued by the Insurance Department implements the Act of 1963 requirement that all uninsured motorist coverage be written under provisions approved by the Insurance Commissioner. Section 2 to Regulation 14 in fact states that, "This Regulation is issued for the purpose of establishing provisions that will be acceptable to the Insurance Commissioner in compliance with the above Act . . ." This regulation also states, "The extent of the coverage which shall be offered as 'Uninsured Motorists Coverage' shall be at least that coverage contained in Form No. 1, attached hereto and incorporated herein by ref-

as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement."

erence, which is the national standard form for this insurance. . . ."

We can find no legislative intent or judicial rule which supports the interpretation placed on this insurance by the plaintiff so as to require the arbitration clause of Form 1 to be incorporated into this insurance contract. In fact, the rule is to the contrary and requires that standard insurance form provisions be manifested by statute if they are to be incorporated by law into a certain type of insurance contract. In *H. D. O'Neil v. Am. Fire Ins. Co.,* 166 Pa. 72, 30 A. 943 (1895), the legislature by the Act of April 16, 1891, P. L. 22, delegated to the Insurance Commissioner the duty to prepare a standard fire insurance policy which when completed would be incorporated into all contracts of insurance made on property within Pennsylvania. Our Supreme Court held that this was an unlawful delegation of power because the act did not fix terms and conditions of the policy, the use of which it commanded, saying, 166 Pa. 72 at 77: "The effect of our cases is to settle firmly the rule that the law must be complete in all its terms and provisions when it leaves the legislative branch of the government, and that nothing must be submitted to the judgment of the electors or other appointee of the legislature except an option to become or not to become subject to its requirements and penalties. . . ."[2]

We hold that the compulsory arbitration provisions of Form No. 1 were not part of the insurance contract between the parties. To do otherwise would attribute to the legislature an unlawful delegation of power. When the General Assembly failed to include this essential requirement in its enactment neither the executive nor the judiciary may under the guise of inter-

---

[2] This is in accord with the rule generally prevailing. 29 Am. Jur., Insurance, §54.

pretation or public policy apply it. *Altieri v. Allentown Officers' and Employees' Retirement Board*, 368 Pa. 176, 81 A. 2d 884 (1951); *Akins v. York Officers' and Employees' Retirement Board*, 368 Pa. 182, 81 A. 2d 883 (1951). This being so there was no duty on the defendant to submit its dispute with the plaintiff to arbitration, and therefore the award of the arbitrators was void, as was the judgment rendered on the petition to confirm the arbitrators' award. An arbitrator's award is not self-sustaining where the basic jurisdiction of the arbitrator to make an award is attacked. *Stokely v. Robinson*, 34 Pa. 315 (1859).

An additional reason why the defendant's appeal must succeed is the wording of the arbitration clause itself. This provision provides only for arbitration of the questions of the insured's right to recover against the uninsured motorist and the amount of the payment owing under such uninsured coverage. It does not provide for the arbitration of all disputes and least of all whether uninsured motorist coverage is part of the insured's liability policy. Even if we were to decide that this arbitration clause was part of the insurance contract the defendant had no duty to arbitrate its decision denying uninsured motorist coverage to plaintiff.

The defendant having no duty to arbitrate and not having submitted to arbitration or having been compelled to do so by statute or agreement, there was no valid award for the court below to approve. There being no jurisdiction over the dispute between these parties the present judgment must be reversed and the award of the arbitrators stricken.

Judgment reversed and the award of the arbitrators is stricken, without prejudice to the right of plaintiff to proceed in the proper forum.

WRIGHT, J., would affirm on the opinion of Judge O'DONNELL.

Opinion by Hoffman, J., Concurring in the Result:

I concur in the decision of the majority for the following reason.

Even if the insurance policy before us had contained an arbitration clause, the question whether uninsured motorist coverage should be read into the policy, despite the omission of such coverage, does not seem a proper subject for arbitration. The insurer asserted this jurisdictional defect, and he is, therefore, entitled to have the award stricken.

In reaching my conclusion, I place no reliance on the decision in *H. D. O'Neil v. Am. Fire Ins. Co.*, 166 Pa. 72, 30 A. 943 (1895). Furthermore, I wish to express no view on the critical question of whether a *court* could read the omitted coverage into this policy. I do not believe that the insured is foreclosed by our action today from pressing his claim in a proper forum.

Spaulding, J., joins in this concurring opinion.