## First-Stroudsburg National Bank v. Nixon

*John J. Pentz, Jr.,* for plaintiff.

*Maxwell H. Cohen* and *John A. Hiscott,* for defendants.

WILLIAMS, P. J., December 14, 1971.—Plaintiff commenced suit by the filing and service of a complaint in assumpsit against defendants alleging: "(a) That on July 29, 1969, Pocono Lodges, Inc., made a renewal note payable on demand, which was endorsed by defendants who were the payees named in the note; (b) that the note was by its terms payable at plaintiff bank; (c) that on October 22, 1970, after demand, the note was presented for payment to the maker and payment was refused; and (d) that notice of dishonor was given to defendants on October 22, 1970. Both defendants filed a preliminary objection in the form of a demurrer. The basis of this preliminary objection is that the notice of dishonor was "ineffective under the law in that said Notice does not disclose who was the Holder; was not signed by the Holder thereof or its agent, and does not otherwise identify on whose behalf said Notice was being given."

In the joint brief filed by counsel for defendants, the issue here involved is stated to be:

"When an action seeking to impose liability on indorsers of a note is based on a written notice of dishonor, must that notice disclose the identity of the holder within its four corners to be effective under the law?"

The contract obligation assumed by the endorser of a note is set forth in article 3-414 of the Uniform Commercial Code of April 6, 1953, P. L. 3, as amended, 12A PS §3-414, page 266, which provides:

"(1) Unless the indorsement otherwise specifies (as by such words as 'without recourse') every endorser engages that upon dishonor and any necessary notice of dishonor and protest, he will pay the instrument according to its tenor at the time of his indorsement to the holder or to any subsequent indorser who takes it up, even though the indorser who takes it up was not obligated to do so."

By the express terms of the Commercial Code, the conditional liability of the endorsers ripens into a fixed liability on the happening of two events:

(1) the dishonoring of the instrument by the maker, and

(2) the giving of a proper notice of dishonor to the endorsers.

The complaint is very explicit that the maker of the instrument, upon its presentation for payment on October 22, 1969, refused payment. The complaint is likewise very explicit that notice of dishonor was given to the endorsers. Thus, the complaint is sufficient in form to sustain liability on the part of the endorsers unless the notice of dishonor was defective.

As to the form of the notice of dishonor, article 3-508 of the Commercial Code, 12A PS §3-508, provides:

"Notice may be given in any reasonable manner. It may be oral or written and in any terms which identify the instrument and state that it has been dishonored . . ."

The code expressly requires that the notice of dishonor do two things:

(1) that it identify the instrument, and

(2) that it state that it has been dishonored.

The notice of dishonor does adequately identify the instrument. It states the maker of the note, its date and the amount thereof. It names the payees in the note and the names of the persons (the defendants herein) to whom the notice of dishonor is given. It also states ". . . has been presented for payment, is unpaid, has this day been protested by me for (non-payment) . . ."

While the notice of dishonor satisfies the specific requirements of the Code, defendants argue that the notice fails to comply with the law because it in no way discloses the name of the holder. While we think it would have been well for the legislature to require that the notice of dishonor include the name of the holder of the dishonored instrument, it has not done so, and this court may not by interpreting the statute require that which the legislature failed to do.

Speaking on the powers of the judiciary, the court, in Altieri v. Allentown Officers' and Employees' Retirement Board, 368 Pa. 176, 181 (1951) said:

". . . What the legislature failed to include, a court may not add. As we said in Olyphant Borough School District v. American Surety Co., 322 Pa. 22, 28, 184 A. 758, 'It is not for us, by interpretation, to add to the statute a requirement which the legislature did not see fit to include.' "

In Commonwealth ex rel. Fox v. Swing, 409 Pa. 241, 246 (1962) it is said:

" 'Judicial power, as contradistinguished from the power of the laws, has no existence. Courts are mere instruments of the law and can will nothing. . . . Judicial power is never exercised for the purpose of

giving effect to the will of the Judge; always for the purpose of giving effect to the will of the Legislature; or, in other words, to the will of the law.' Caborn v. President, Directors and Company of Bank of United States (Chief Justice Marshall), 9 Wheaton 738, 866, 6 L. Ed. 204. The situation complained of may only be cured by the legislature. It is not for us to legislate or by interpretation to add to legislation matters which the legislature saw fit not to include. See, Altieri v. Allentown Officers' and Employees' Retirement Board, 368 Pa. 176, 81 A. 2d 884 (1951)."

To interpret the provisions of the Commercial Code in the manner sought by defendants would, in the opinion of this court, constitute a violation of the principle that the court may not add by interpretation a requirement not included in the legislation.

### ORDER

And now, December 14, 1971, preliminary objection filed by defendants is dismissed and defendants are given a period of 20 days in which to file responsive answers to the complaint.