446 A.2d 273

**Clement P. HILLER, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1981.

Filed May 28, 1982.

Petition for Allowance of Appeal Denied Oct. 14, 1982.

Maurice A. Cardone, Nanticoke, for appellant.

Joseph J. Musto, Wilkes-Barre, for appellee.

Before SPAETH, POPOVICH and MONTGOMERY, JJ.

SPAETH, Judge:

This is an appeal from an order that denied appellant's petition to confirm an arbitration award and granted appellee's petition to vacate the award and set the matter down for trial. We must quash the appeal.

Appellant was seriously injured in an automobile accident. He sought benefits under the uninsured motorist clause of a policy issued by appellee to his son, in whose car he was riding when the accident occurred. Appellee declined to pay and the parties proceeded to arbitration according to the arbitration section of the uninsured motorist clause in the policy. This section included the following provision:

> When we arbitrate, the decision in writing will be binding up to the limits required under the Financial Responsibility law of Pennsylvania, and may be entered as a judgment in a proper court. When an award exceeds those limits, either party has a right to trial on all issues in a court of competent jurisdiction. This right must be exercised within 60 days of the award.

R.R. at 35a.

The arbitrators, by a vote of two to one, awarded appellant $30,000, which was the maximum amount available under the policy issued to appellant's son and which does exceed the $15,000 per person/$30,000 per accident requirement of the Pennsylvania Financial Responsibility Law, 75 Pa.C.S.A. § 1747; 40 P.S. § 1009.104. Appellant petitioned the lower court to confirm the award, and appellee, pleading the part of the arbitration agreement we have just quoted, petitioned the court to vacate the award and set the matter down for trial.

The determination of whether a dispute is within an agreement to arbitrate is for the court to make. *Women's*

*SPCA v. Savage*, 440 Pa. 34, 269 A.2d 888 (1970). If a court determines that the dispute is not within the agreement to arbitrate, the appealability of its order depends on the type of arbitration involved. If the arbitration is statutory arbitration, the order is appealable because there is a statute that specifically makes it so. 42 Pa.C.S.A. § 7320. However, if the arbitration is at common law, the order is not appealable because the appellant is not out of court—indeed his very complaint is that he is being required to be in court—and there is no statute or rule making the order appealable. *Capezio & Things, Inc. v. The Wynnewood Meredith Corp.*, 455 Pa. 84, 314 A.2d 20 (1974); *P. Agnes, Inc. v. Philadelphia Police Home Association*, 439 Pa. 448, 266 A.2d 696 (1970). It is undisputed that the arbitration clause in this case provides for common law arbitration.

We grant that the arbitration clause is an unusual one. It appears to make the scope of the agreement for binding arbitration depend on what the arbitrators determine the value of the claim to be. However, the question of whether parties may lawfully make such an agreement, either as a matter of general arbitration law or as a matter of uninsured motorist insurance law, is not before us and we intimate no opinion regarding it.[1] The lower court construed the agreement, held it valid, and found that the present dispute—that is to say, a dispute in which the arbitrators had determined the value of the claim to be over $15,000—was not within the scope of the agreement for binding arbitration. That determination was the court's to

---

[1] We note that uninsured motorist clauses ordinarily do include provisions for arbitration. The national standard form, which is included in the regulations of the Insurance Commissioner, 31 Pa. Code § 63.2 (Exhibit C), includes a broad arbitration clause. However, the statute that requires uninsured motorist coverage, Act of Aug. 14, 1963, as amended, 40 P.S. § 2000(a), does not require arbitration, and we have held that in the absence of statutory requirement, arbitration may not be required by regulation. *Ellison v. Safeguard Mutual Ins. Co.*, 209 Pa.Super. 492, 229 A.2d 482 (1967). In holding an insurance carrier to the broadly inclusive terms of the standard arbitration clause, the Supreme Court has said that this language is of the carrier's own choosing, and that if it wishes different or narrower terms it should provide them. *National Grange Mutual Ins. Co. v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968).

make. *Women's SPCA v. Savage, supra.* We may not review it now. If appellant is dissatisfied with the outcome of the trial that the lower court has ordered, he may then raise any objections he might have to the legality of the arbitration clause.

QUASHED.