513 A.2d 1129

Prudential Property and Casualty Insurance Company, Petitioner *v.* William R. Muir, Jr., Acting Insurance Commissioner of the Commonwealth of Pennsylvania, Respondent.

Argued April 9, 1986, before President Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, BARRY and COLINS.

*M. Landon Spencer*, with him, *George D. Sheehan, Jr., Sweeney, Sheehan,* & *Spencer,* for petitioner.

*Arthur Selikoff,* with him, *Beth C. Sheligo, Linda S. Kaiser,* Assistant Counsel, and *Paul Laskow,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, August 13, 1986:

Prudential Property and Casualty Insurance Company (petitioner) here appeals an order of the Insurance Commissioner of Pennsylvania (Commissioner) which affirmed a decision of the Insurance Department of Pennsylvania disapproving petitioner's policy form filings deleting or modifying the uninsured motorist arbitration clause. The Commissioner's order was based on his conclusion that the regulation found at 31 Pa. Code §63.2(a) required the arbitration clause which petitioner sought to delete or modify be a part of an automobile insurance policy providing uninsured motorist coverage.

Petitioner raises two issues for our consideration: (1) whether the Insurance Department has the authority to promulgate a regulation requiring an arbitration clause in an insurance contract pursuant to §2000 of what is commonly referred to as the Uninsured Motorist Clause Act (Act), Act of August 14, 1963, P.L. 909, *as amended,* 40 P.S. §2000; and, if so, (2) whether such a mandatory arbitration clause is unconstitutional because it denies the parties the right to a jury. We will consider each issue in turn.

Section 2000 of the Act provides:

(a) No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State

with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly . . . *under provisions approved by the Insurance Commissioner,* for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom.

. . .

(Emphasis added.) The General Assembly thus provided for the Commissioner to approve uninsured motorist coverage provisions in insurance contracts. While it is true that the Act does not grant the Commissioner or the Insurance Department any specific power to promulgate regulations, we have recognized that there is an implied power in a public administrative agency to make or adopt regulations with respect to matters within the province of such agency, provided such regulations are not inconsistent with law. *Pennsylvania Association of Life Underwriters v. Department of Insurance,* 29 Pa. Commonwealth Ct. 459, 371 A.2d 564, (1977), *aff'd per curiam,* 482 Pa. 330, 393 A.2d 1131 (1978).

The contested regulation, 31 Pa. Code §63.2(a), provides as follows:

(a) The extent of coverage which shall be offered as 'Uninsured Motorists Coverage' shall be at least that coverage contained in the sample form attached hereto as Exhibit C and made a part of this section, which is the national standard form for this insurance.

The arbitration clause is found in paragraph 8 of the "Conditions" provision of Exhibit C, and provides:

8. Arbitration. If any person making claim hereunder and the company do not agree that

such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.

31 Pa. Code §63.2(a), Exhibit C, ¶ 8 of Conditions. The purpose of the Act is to provide protection to innocent victims of irresponsible drivers, and the statute requires liberal construction to achieve this legislative intent. *Marchese v. Aetna Casualty and Surety Co.*, 284 Pa. Superior Ct. 579, 426 A.2d 646 (1981). The Commissioner argues, we find persuasively, that the best way to aid such innocent victims is to provide them with whatever proceeds to which they are entitled as quickly as possible. The Commissioner further asserts that arbitration provides the most expeditious manner, as well as the least expensive, of accomplishing this salient goal. The petitioner does not challenge this proposition, but merely challenges the authority to promulgate the regulation; therefore, we need not address whether requiring arbitration is inconsistent with the purpose of the Act. Deferring to the Commissioner's expertise in this regard, *see Chappell v. Pennsylvania Public Utility Commission*, 57 Pa. Commonwealth Ct. 17, 425 A.2d 873 (1981), we hold that the Insurance Department had

the implied authority to promulgate the regulation in question, which authority is derived from the statutory duty to enforce the Act by approving only those policies which provide proper protection to the victims of uninsured motorists.

The petitioner cites *Ellison v. Safeguard Mutual Insurance Company*, 209 Pa. Superior Ct. 492, 229 A.2d 482 (1967), and its various progeny, in support of its position that the Insurance Department lacks the authority to promulgate regulations adopting standard forms. *Ellison* is factually distinguishable. In *Ellison*, the insurance policy was devoid of any uninsured motor coverage, and the Superior Court declined to incorporate the provisions for arbitration contained in the regulation into the contract. The court therein stated that standard insurance form provisions must be manifested by statute if they are to be incorporated by law into an insurance contract. *Id*. The court did not invalidate the regulation, and, while some of the language within *Ellison* is broad enough to support petitioner's position, we must note that the Superior Court, with substantially the same members, later construed the same regulation and found no irregularity in its promulgation. *Bankes v. State Farm Mutual Insurance Co.*, 216 Pa. Superior Ct. 162, 264 A.2d 197 (1970). Furthermore, in *White v. Concord Mutual Insurance Co.*, 296 Pa. Superior Ct. 171, 442 A.2d 713, *aff'd*, 500 Pa. 103, 454 A.2d 982 (1982), the court recognized the Commissioner's power to promulgate regulations under the Act. Therefore, we further hold that *Ellison* is not controlling here.

The petitioner further argues that mandatory, binding arbitration denies petitioner its right to a jury trial. In considering this right, we must first note that the United States Constitution does not require states to provide jury trials in state civil cases. *Minneapolis & St. L.R. v. Bombolis*, 241 U.S. 211 (1916); *see Walker v.*

*Sauvinet,* 92 U.S. 90 (1876). Therefore, the right in this case must be examined in light of the Pennsylvania Constitution. Article I, Section 6 of the Pennsylvania Constitution provides: "Trial by jury shall be as heretofore and the right thereof shall remain inviolate." "Heretofore" has been construed by our Supreme Court to mandate a jury trial only in those instances in which an individual would have been entitled to such a trial at the time of the adoption of our State Constitution of 1790. *William Goldman Theaters, Inc. v. Dana,* 405 Pa. 83, 173 A.2d 59, *cert. denied,* 368 U.S. 897 (1961). Unless the proceeding has a basis in common law, or, in proceedings created by statute, the statute so provides, jury trials are not available. *Friedman Appeal,* 72 Pa. Commonwealth Ct. 274, 457 A.2d 983 (1983).

It is obvious that the mandatory requirement of uninsured motorist coverage could not have been in existence at the time of the adoption of the Commonwealth's Constitution. Because the insurance industry in Pennsylvania is wholly governed by statute, and the right to a jury trial is not contained in the Act, there can be no violation of the constitutional right to a jury trial by requiring such binding arbitration.

Accordingly, the order of the Commissioner is affirmed.

## ORDER

AND NOW, this 13th day of August, 1986, the order of the Insurance Commissioner of Pennsylvania, R84-3-1, dated March 26, 1985, is affirmed.

Judge BARRY concurs in the result only.