663 A.2d 738

**Joseph MCFARLEY, Appellant,**

v.

**AMERICAN INDEPENDENT INSURANCE COMPANY.**

**Nicole BUTLER, Appellant,**

v.

**AMERICAN INDEPENDENT INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Submitted June 7, 1995.

Filed Aug. 10, 1995.

Arnold H. Winicov, Philadelphia, for appellants.

Stephen J. Margolin, Philadelphia, for appellee.

Before MCEWEN, TAMILIA and KELLY, JJ.

TAMILIA, Judge:

Joseph McFarley and Nicole Butler present this consolidated appeal from the Orders of April 5 and May 5, 1994 dismissing their petitions to appoint an arbitrator. The Orders were entered on the basis that the automobile insurance policies written by appellee did not provide for arbitration.

Appellants, a taxi driver and a passenger, respectively, were injured in unrelated accidents when the cabs they occupied were struck by uninsured motorists. Appellants filed uninsured motorist claims against appellee, who insured the corporate owners of the cabs in which appellants were injured. Appellee denied the claims on the basis that its policies did not provide for arbitration and that uninsured motorist benefits had been waived by the insured cab companies.[1] Appellants thereafter filed petitions to appoint arbitrators, which were dismissed by the orders of April 5 and May 5, 1994. The appeals were then consolidated by stipulation.

On appeal, appellants argue that the trial court erred in refusing to compel arbitration on the basis that the policies written by appellee did not provide for arbitration. Specifically, appellants claim that "[a]rbitration was the proper vehicle to decide Petitioners uninsured motorist claims regardless of its absence in the policy." (Appellants' brief at vii.) We disagree and therefore affirm the Orders of the trial court.

Initially, "arbitration is a matter of contract, and absent an agreement between the parties to arbitrate a particular issue, the parties cannot be compelled to arbitrate that issue." *Lincoln Univ. v. Lincoln Univ. Assoc. of Professors*, 467 Pa. 112, 120, 354 A.2d 576, 580 (1976), citing *Schoelhammer's*

---

1. The validity of the alleged waivers is not properly before us on appeal and will not be considered herein.

*Hatboro Manor, Inc. v. Local Joint Exec. Board of Phila.*, 426 Pa. 53, 58, 231 A.2d 160, 162 (1967).

Further,

> An injured person who makes a claim for uninsured motorist benefits under a policy to which he is not a signatory is in the category of a third party beneficiary. Historically, this Court has held that third party beneficiaries are bound by the same limitations in the contract as the signatories of that contract. The third party beneficiary cannot recover except under the terms and conditions of the contract from which he makes a claim.

*Johnson v. Pennsylvania Nat'l Insurance*, 527 Pa. 504, 594 A.2d 296 (1991); *see also* Restatement (Second) of Contracts, § 309, comment b (1981) ("When there is a contract, the right of a beneficiary is subject to any limitation imposed by the terms of the contract").

Thus, appellants herein only can recover, if at all, under the terms of the policies as written and those policies do not provide for arbitration.

In *Johnson, supra,* the case relied on by the trial court in dismissing appellants' petitions, the plaintiff was injured when the taxi cab in which she was riding was struck by a hit and run driver. Plaintiff brought suit in the Court of Common Pleas of Allegheny County against the cab owner's uninsured motorist carrier, under a policy requiring arbitration. The trial court denied the carrier's preliminary objections that the suit should have been submitted to arbitration. A divided panel of our Court affirmed on the basis that plaintiff could not be bound by the arbitration term of a contract she did not sign. *Johnson v. Pennsylvania Nat'l Insurance*, 384 Pa.Super. 92, 557 A.2d 789 (1989). Allocatur was granted.

Our Supreme Court, characterizing the issue as "a thorny one," began by noting that the right to uninsured motorist benefits was created by the Motor Vehicle Financial Responsibility Act ("the Act"), 75 Pa.C.S. § 1701 *et seq.*, and that the Act does not mandate arbitration as the means of obtaining those benefits. *Johnson, supra* 527 Pa. at 506, 594 A.2d at

296, 298. "Thus," the Court concluded, "the **right** to the uninsured motorist benefits is provided by statute, but the **method of obtaining** those benefits is governed by the insurance policy." *Id.* at 509–10, 594 A.2d at 299 (emphasis in original). We agree with the trial court that the Supreme Court's resolution of *Johnson* is dispositive of the instant action. The policy herein, which according to *Johnson* governs the method by which uninsured motorist benefits may be obtained, does not provide for arbitration. Appellants therefore may not compel arbitration of their claim. Further, appellants' correct assertion that public policy generally favors arbitration is not sufficient to warrant imposition of a term which materially alters a perfectly valid insurance contract.

█ Finally, appellants contend that 31 Pa.Code § 63.2(8) mandates the submission of their claim to arbitration. The section provides:

> **8. Arbitration.** If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such persons and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.

*Id.*

We have repeatedly rejected the argument raised by appellants, holding that in the absence of a statutory requirement, arbitration may not be required by regulation. *Johnson by Johnson v. Travelers,* 348 Pa.Super. 278, 502 A.2d 206 (1985); *Hiller v. Allstate,* 300 Pa.Super. 149 n. 1, 446 A.2d 273 n. 1 (1982); *Ellison v. Safeguard Mutual Ins. Co.,* 209 Pa.Super.

492, 229 A.2d 482 (1967).[2] In *Johnson by Johnson,* a case discussing the No–Fault and Uninsured Motorists Coverage Acts, we rejected the appellant's argument that, pursuant to section 63.2(8), "the right to . . . mandated uninsured motorist benefits must be enforced exclusively by arbitration." *Id.* at 282, 502 A.2d at 206, 208. We held as follows:

> [T]he extent of coverage is determined by the [No–Fault Act] and while the statute may infer a policy of insurance . . . where it is silent as to the procedure for recovery, this may not be inferred in derogation of constitutional rights. Thus while the legislation provided for *coverage,* no where in the No–Fault Act or the Uninsured Motorists Coverage Act is there a provision requiring arbitration when a policy of insurance did not, in fact, issue, containing a clause requiring arbitration.
>
> To require by regulation what the legislature omitted from statute is an unlawful delegation of powers to the insurance commissioner. "When the General Assembly failed to include this essential [arbitration] requirement in its enactment neither the executive nor the judiciary may under the guise of interpretation or public policy apply it."
>
> We, therefore, hold that the procedure to be followed in enforcement of uninsured motorist benefits, absent an actual contract containing an arbitration clause, as against the assigned obligor, is the filing of a complaint in assumpsit.

*Id.* at 283, 502 A.2d at 206, 209 (citation omitted).

Appellants' section 63.2(8) argument is also undermined by our holding in *Dearry v. Aetna Life and Cas. Ins. Co.,* 415 Pa.Super. 634, 639, 610 A.2d 469, 472 (1992), wherein we stated:

**2.** We note our awareness of authority to the contrary. In *Prudential Property and Casualty Ins. Co. v. Muir,* 99 Pa.Cmwlth. 620, 513 A.2d 1129 (1986), a suit challenging the authority of the Insurance Commissioner to promulgate section 63.2(8), the Commonwealth Court found that the section mandates arbitration of uninsured motorist disputes. However, based on the rationale and authority discussed above, and because we are not confronted with a challenge to the Insurance Commissioner's authority to promulgate regulations, we decline to follow *Prudential.*

There is no law in the Commonwealth of Pennsylvania which requires that persons involved in a dispute over UM or UIM coverage submit the controversy to arbitration. Further, there is no law in the Commonwealth of Pennsylvania which requires that parties to insurance policies enter an agreement that any dispute surrounding coverage be submitted to arbitration.

*Id.*

For the foregoing reasons, we affirm the Orders of the trial court dismissing appellants' petitions to appoint arbitrators.

Orders affirmed.