**Popelas v. Travelers Insurance Co.**

C.P. of Fayette County, no. 724 of 2003, G.D.

*Neil J. Marcus,* for petitioner.
*Daniel T. Moskal,* for respondent.

LESKINEN, *J.,* June 6, 2003—Before this court is a petition to compel the appointment of an arbitrator filed by petitioner, John T. Popelas III.

After full consideration of the record, applicable law, and briefs of counsel, this court finds that the parties in a dispute over underinsured motorists coverage (UIM) cannot be compelled to submit to arbitration, absent an agreement between the parties to arbitrate that issue. Therefore, this court denies petitioner's petition to compel the appointment of an arbitrator.

## BACKGROUND

On or about June 13, 2002, petitioner was involved in a motor vehicle accident. At the time of the accident, petitioner had UIM coverage through Travelers. Petitioner's policy with Travelers contains no arbitration clause. Petitioner settled with the tort-feasor for $15,000. Petitioner then made a demand for UIM benefits from Travelers, and sought to proceed to arbitration by naming an arbitrator.

Petitioner filed the within petition to compel Travelers to appoint an arbitrator on or about March 18, 2003. Travelers filed an answer on or about April 2, 2003. In their answer, Travelers argues that under the existing policy, it is not required to appoint an arbitrator or submit to arbitration.

## DISCUSSION

The sole issue before this court is whether parties in a dispute over UIM coverage are required to submit to arbitration despite the lack of an arbitration provision in the policy.

This court initially notes that "There is no law in the Commonwealth of Pennsylvania which requires that persons involved in a dispute over UM or UIM coverage submit the controversy to arbitration. Further, there is no law in the Commonwealth of Pennsylvania which requires that parties to insurance policies enter an agreement that any dispute surrounding coverage be submitted to arbitration." *Dearry v. Aetna Life & Casualty Company,* 415 Pa. Super. 634, 639, 610 A.2d 469, 472 (1992).

In the case of *Johnson v. Pennsylvania National Insurance Companies,* 527 Pa. 504, 594 A.2d 296 (1991), the Supreme Court of Pennsylvania held that a taxicab passenger, who was injured by a hit-and-run driver, was a third-party beneficiary of taxicab owner's policy and, therefore, was bound by the policy requirement to arbitrate his claim for uninsured motorist (UM) benefits.

In so holding, the court cited its earlier decision in *Lincoln University of the Commonwealth System of Higher Education v. Lincoln University, American Association of University Professors,* 467 Pa. 112, 354 A.2d 576 (1976): "It is well settled that 'arbitration' is a matter of contract, and, absent an agreement between the parties to arbitrate an issue, the parties cannot be compelled to arbitrate that issue." *Id.* at 119, 354 A.2d at 580. The *Johnson* court reasoned that since arbitration is a matter of contract and, the signatories to the insurance policy agreed to arbitration, the rights of the passenger, as the third-party beneficiary under that policy, were "vulnerable to the same limitations which may be asserted between the promisor and the promisee." *Johnson* at 509,

594 A.2d at 299. The court concluded that "the right to the uninsured motorist benefits is provided by statute, but the *method of obtaining* those benefits is governed by the insurance policy." *Id.* (emphasis in original)

In the case of *McFarley v. American Independent Insurance Company,* 444 Pa. Super. 191, 663 A.2d 738 (1995), the Superior Court, citing both *Lincoln* and *Johnson* held that a passenger and cab driver who were injured in separate accidents with uninsured motorists could not force arbitration of UM claims under an auto insurance policy that did not provide for arbitration, and that the arbitration of claims could not be compelled by regulation in the absence of statutory authority. The court concluded that the insurance policy, which governs the method by which UM motorist benefits may be obtained, did not provide for arbitration, therefore, the parties could not compel arbitration of the claim. Furthermore, the court held that the assertion that public policy generally favors arbitration was not sufficient to warrant imposition of a term that materially alters a perfectly valid insurance contract.

In *McFarley*, the court also relied on their decision in the case of *Johnson by Johnson v. Travelers,* 348 Pa. Super. 278, 502 A.2d 206 (1985). In *Johnson by Johnson,* a case factually similar to the case at bar, a minor and mother seeking compensation for injuries sustained by minor when he was struck by an uninsured motor vehicle filed a petition to compel arbitration, which was denied. The Superior Court held that the procedure to be followed in enforcement of UM benefits, absent an ac-

tual contract containing an arbitration clause, as against an "assigned claims" obligor, is by filing a complaint in assumpsit.

In his brief to this court, petitioner argues that a UIM endorsement without any arbitration clause is not permitted under Pennsylvania law; and cites the case of *Prudential Property and Casualty Insurance Company v. Muir,* 99 Pa. Commw. 620, 513 A.2d 1129 (1986), in support of this argument. However, the court in *McFarley, supra,* recognized the Commonwealth Court's holding in *Muir* and declined to follow the holding based on the authority cited, including *Lincoln, Johnson,* and *Johnson by Johnson. McFarley* at 195 n.2, 663 A.2d at 740, n.2. This court will decline to follow *Muir* as well.

This court relies on the authority of the Supreme Court of Pennsylvania and the Superior Court of Pennsylvania in the cases cited above; and finds that the parties in a dispute over UIM coverage are not required to submit to arbitration, in light of the absence of an arbitration provision in the policy.

Wherefore, this court enters the following:

ORDER

And now, June 6, 2003, upon consideration of the petition to compel the appointment of an arbitrator filed on behalf of the petitioner, John T. Popelas III, and upon further consideration of applicable law, and the briefs of counsel, it is hereby ordered and decreed that petitioner's petition to compel the appointment of an arbitrator is denied.