**Foster v. Progressive Ins. Co.**

*Elliott Tolan,* for plaintiff.
*E. Laurence Kates,* for defendant.

KEOGH, *J.,* December 20, 2010—The plaintiffs filed an appeal of this court's October 7, 2010[1] order denying their petition to appoint third/neutral arbitrator and compel arbitration.

## I. PROCEDURAL/FACTUAL HISTORY

1.   Plaintiffs are seeking underinsured motorist benefits from Progressive Insurance Company as a result of injuries allegedly sustained in a March 14, 2003 motor vehicle accident. The deceased, George Foster, was operating a vehicle, in which plaintiff, Barbara Dill, was a passenger at the time of the accident. The defendant-carrier does not dispute that it provided an insurance policy which included UM/UIM coverage to Mr. Foster and the vehicle he was operating at the time of the accident.

2.   A petition to appoint third/neutral arbitrator and compel arbitration was filed on August 26, 2010.

3.   In response, defendant filed preliminary objections

---

1. The order was docketed on 10/08/10.

on September 9, 2010.

4. In an order dated October 7, 2010, this court dismissed the petition to appoint and compel "without prejudice to the petitioners' rights to pursue any valid UIM claim pursuant to the terms of the applicable insurance policy providing underinsured motorist benefits; including seeking respondent's agreement to arbitrate said claim."

5. On October 28, 2010, plaintiffs filed a motion for reconsideration, which was denied in an order dated November 3, 2010.

6. A notice of appeal was filed on November 8, 2010.

## II. DISCUSSION

Plaintiffs did not attach a copy of the applicable insurance policy in effect at the time of the subject March 2003 motor vehicle accident to their petition to appoint and compel. In response to the petition, the defendant-carrier, filed preliminary objections, attaching a copy of the policy[2], as well as copies of correspondence from defense counsel to plaintiffs' counsel from August of 2009 through March of 2010 in which the plaintiffs were advised that the policy for underinsured motorist benefits did not have a mandatory arbitration clause.

The policy provided the following:

---

2. The exhibits to the preliminary objections contained a copy of a March 9, 2010 letter from the carrier's Senior Claims Manager, Brian D. Haeflein, attesting to the truth and accuracy of the copy of the policy provided as identical to the one purchased by the decedent, George Foster.

If we and an insured person cannot agree on:

1.   The legal liability of the operator or owner of an uninsured motor vehicle or underinsured motor vehicle; or

2.   The amount of the damages sustained by the insured person;

this will be determined by arbitration if we and the insured person mutually agree to arbitration prior to the expiration of the bodily injury statute of limitations in the state in which the accident occurred.

(Page 26 of the progressive policy attached as Exhibit "B" to defendant's preliminary objections)

There is no evidence that plaintiffs have made any overture to the carrier to seek an agreement to arbitrate the dispute; rather they simply filed a petition to compel. Additionally, without any evidence to the contrary, plaintiffs deny that the "document attached to defendant's preliminary objections is the underinsured motorist policy issued to plaintiff's decedent." Moreover, plaintiffs assert that at the time of the subject motor vehicle accident the carrier was legally required to include in their UIM policy language a "provision requiring mandatory binding arbitration of any unresolved claims".[3]

Other than the bald denial, plaintiffs offer no specific, or general assertions for that matter, as to how the copy of the policy provided by defendant differs from the policy purchased by Mr. Foster. They simply deny it is the policy

---

3. Plaintiffs' answer to the preliminary objections.

governing their claim but offer no details as to how the policy language provided by defendants differs from what plaintiffs believe is the applicable policy language. Accordingly, plaintiffs have failed to counter Mr. Haeflein's certification that the document attached to defendant's filing is a true and accurate copy of the insurance policy governing their claim.

Regarding their assertion that mandatory binding arbitration was required at the time of the accident, plaintiffs rely on the decision in *Prudential Property Casualty Ins. Co. v. Muir*, 513 A.2d 1129 (Pa. Cmwlth. 1986), and argue that since the decision was not overruled until the *Koken*[4] decision in December of 2005, the defendant was required to provide a mandatory binding arbitration provision with respect to plaintiffs' UIM coverage, and thus the carrier is legally required to arbitrate their claims for UIM benefits.

Plaintiffs' assertions are without merit. In the first instance, the *Muir* decision involved an appeal by a carrier from the order of the insurance commissioner which had affirmed a decision of the Insurance Department of Pennsylvania disapproving the carrier's form filings deleting an uninsured motorist arbitration clause. The Commonwealth Court affirmed, but the ruling was overruled by *Koken*. Moreover, the regulation at issue in *Muir*, 31 Pa. Code § 63.2(a), was simply that, a regulation and not a statutory promulgation. Plaintiffs fail to recognize the Pennsylvania Superior Court decision in *McFarley v. American Indep. Ins. Co.*, 663 A.2d 738 (Pa. Super. 1995),

---

4. *Ins. Fed'n of Pa. Inc v. Dept of Ins. Diane Koken, Insurance Commissioner*, 585 Pa. 630, 889 A.2d 550 (Pa. 2005).

which on very similar facts to the case at hand, declined to follow the *Muir* decision as it noted that *Muir* dealt with a challenge to the insurance commissioner's authority to promulgate regulations. The *McFarley* court relied upon the Pennsylvania Supreme Court's decision in *Johnson v. Pennsylvania Nat'l Insurance,* A.2d 789 (Pa. Super. 1989), which had held that "the right to uninsured motorist benefits was created by the Motor Vehicle Financial Responsibility Act ('the Act'), 75 Pa. C.S. §1701 et seq., and that the Act does not mandate arbitration as the means of obtaining those benefits. Johnson, 527 Pa. at [sic], 594 A.2d at 296, 298. 'Thus,' the Court concluded, 'the right to the uninsured motorist benefits is provided by statute, but the method of obtaining those benefits is governed by the insurance policy. Id. at 299.'" 663 A.2d at 740.

The plaintiffs in this matter, as the plaintiffs in *McFarley,* relied upon 31 Pa. Code § 63.2(8)[5] to argue that arbitration of their claims, UIM here and UM in McFarley, was mandated by the regulation. The *McFarley* court specifically rejected this argument, stating that in the absence of a statutory requirement, arbitration may not be required by regulation. The court further cited to its early decision in *Johnson by Johnson v. Travelers,* 502 A.2d

---

5. Relevant portions of the regulation, which references UM not UIM coverage, provide: Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

206 (Pa. Super. 1985), which held:

> The extent of coverage is determined by the [no-fault act] and while the statute may infer a policy of insurance... where it is silent as to the procedure for recovery, this may not be inferred in derogation of constitutional rights. Thus while the legislation provided for coverage, no where in the no-fault act or the Uninsured Motorists Coverage Act is there a provision requiring arbitration when a policy of insurance did not, in fact, issue, containing a clause requiring arbitration.

> To require by regulation what the legislature omitted from statute is an unlawful delegation of powers to the insurance commissioner." When the general assembly failed to include this essential [arbitration] requirement in its enactment neither the executive nor the judiciary may under the guise of interpretation or public policy apply it."

> We, therefore, hold that the procedure to be followed in enforcement of uninsured motorist benefits, absent an actual contract containing an arbitration clause, as against the assigned obligor, is the filing of a complaint in assumpsit. 663 A.2d 738 at 741.

In *Koken*, which involved a petition for declaratory judgment filed before the Insurance Department by the Insurance Federation of Pennsylvania in which the Federation sought an order declaring the department did not have the authority to require mandatory arbitration of UM and UIM coverage disputes, the Pennsylvania Supreme Court agreed and held:

Neither the MVFRL nor the UM Act contains the substantive provision of the law requiring mandatory binding arbitration. The Legislature delegated to the Insurance Department and the Commissioner the authority to approve or reject all insurance contracts. See *40 P.S. § 477b*. By enacting a regulation which mandates that all UM and UIM coverage disputes be subject to mandatory binding arbitration, the Insurance Department exceeded its express and implied authority; we find the regulation in question covers more than "mere matters of detail for the implementation of [this] statute." *Sullivan, at 485*. Thus, we hold the Insurance Department overstepped its legislative mandate in requiring mandatory binding arbitration in UM and UIM disputes. 889 A.2d 550 at 555.

As is evident from the language at issue, arbitration is a means for resolution of a UIM claim if the parties agree to arbitrate the claim. An agreement to arbitrate was not reached in this case. Without such an agreement, plaintiffs' petition to appoint arbitrators and compel arbitration was properly dismissed.

## III. CONCLUSION

The defendant-carrier was not required to include mandatory binding arbitration in its UIM policy and absent an agreement by the parties to arbitrate the subject UIM claim, the petition to appoint defense/neutral arbitrator and compel arbitration was properly dismissed. Thus, appellate relief is not warranted.