610 A.2d 469

**Lemuel DEARRY, Appellee,**

v.

**AETNA LIFE & CASUALTY INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 1992.

Filed June 2, 1992.

Robin B. Arnold, Philadelphia, for appellant.

Joel M. Lieberman, Philadelphia, for appellee.

Before CAVANAUGH, OLSZEWSKI and BECK, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County, which corrected and modified the award of arbitrators to allow appellee to recover underinsured motorist coverage under a policy issued by appellant, Aetna Life and Casualty Insurance Company [hereinafter "Aetna"]. This matter had been submitted to arbitration; and in a decision dated March 25, 1991, the arbitrators held that appellant was not entitled to underinsured motorist benefits. Appellee, Lemuel Dearry, filed a petition to modify and correct the award of arbitrators in the Philadelphia Court of Common Pleas. The court of common pleas entered an order dated May 20, 1991, which reversed the decision of the arbitrators and remanded to the arbitrators

for a determination of the benefit owed. Aetna perfected a timely appeal from this order. The court of common pleas subsequently filed an opinion recommending reversal of its prior order. Since we agree with the court of common pleas, we reverse. A discussion of the case follows.

This matter arises out of an automobile accident which occurred in February of 1986. Appellee, Lemuel Dearry, was a passenger in a vehicle operated by Michael Jones. Jones was operating the vehicle with the permission of the vehicle's owner, Mary Wilkie. The Wilkie vehicle was insured by appellant, Aetna. The accident occurred when the Wilkie vehicle collided with another vehicle in an intersection. The second vehicle was operated by Preston Baldwin. Appellee filed a suit in the Court of Common Pleas of Philadelphia County against Michael Jones, Mary Wilkie, and Preston Baldwin. There was some indication of negligence on the part of both drivers.

Various insurers paid appellee in settlement for the injuries he sustained. Aetna paid the $15,000.00 liability policy limit on Mary Wilkie's policy. Preston Baldwin's insurer paid the liability limit on its policy of $50,000.00. Appellee at the time of the accident resided with his parents, and, as a result, collected the $15,000.00 policy limit in underinsured motorist coverage [hereinafter "UIM coverage"] under his parents' policy. Appellee further sought to recover $15,000.00 in UIM coverage under Mary Wilkie's policy with Aetna. Aetna rejected the claim for coverage, and the matter was submitted to arbitration for a determination of whether appellee was entitled to UIM coverage under the Aetna–Wilkie policy. The arbitrators found that appellee was not entitled to UIM coverage under the Aetna–Wilkie policy. The court of common pleas ordered the arbitrators' decision corrected and modified; but in its opinion, the court of common pleas states that this decision should be reversed. For the following reasons, we agree.

Appellant, Aetna, has raised the following issues for our consideration. Aetna's first argument is that the lower court erred in applying the statutory arbitration standard of review under 42 Pa.C.S.A. § 7302(d)(2). The trial court

agrees with appellant that it applied the wrong standard and that the order should be reversed. We have reviewed the record, the trial court order and opinion, and the briefs in this matter; and we agree that the order should be reversed. Appellant's second argument is that, regardless of whether the proper standard was applied, appellee was not entitled to UIM coverage because the policy in question contained a set-off clause. That clause provided that Uninsured Motorist coverage [hereinafter "UM coverage"] or UIM coverage would be reduced by any amounts paid under the liability coverage of the policy. Under this clause, because Aetna paid the liability limit under the policy, no UM or UIM coverage would be due. Since the second issue deals with the legal correctness of the decision reached by the arbitrators, it is outside the scope of review of this matter pursuant to our decision above. We will, therefore, not reach the merits of this issue. *Popskyj v. Keystone Insurance Co.*, 388 Pa.Super. 429, 432, 565 A.2d 1184, 1186 (1989).

Pennsylvania has adopted the Uniform Arbitration Act, 42 Pa.C.S.A. §§ 7301–7320 (Purdon's 1982). This act has not removed common law arbitration as an option to parties in Pennsylvania. 42 Pa.C.S.A. § 7302(a) (Purdon's 1982).

> (a) **General Rule.**—An agreement to arbitrate a controversy on nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

*Id.* In order for an agreement to arbitrate to fall within the Uniform Arbitration Act, two requirements must be met: first, the agreement must be in writing; and second, the agreement must expressly provide for arbitration under the Act. The agreement in question was in writing and provided for arbitration under the Pennsylvania Uniform Arbitration Act. It is clear, therefore, that the Uniform Arbitra-

tion Act governed the arbitration in this matter, and governs the lower court's decision and our decision here.

The question which controls this case is what standard of review must a court apply when reviewing a decision of a board of arbitrators under the act. In the case of a common law arbitration, the standard of review is clearly very limited.

### § 7341. Common law arbitration

The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S.A. § 7341 (Purdon's 1982). This section is an enactment of the common law governing arbitration decisions. *Id.* (Official Source Note.)

In a case where the arbitration is carried out under the prior Pennsylvania statutory arbitration law, the standard is quite different.

### § 171 Modifying or correcting award, grounds

In either of the following cases the court shall make an order modifying or correcting the award upon the application of any party to the arbitration:

\* \* \* \* \* \*

(d) Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict.

5 P.S. § 171 (Purdon's 1983) (repealed). If the arbitration in question were governed by this law, it would be clear that the decision could be reviewed by the court for an error of law. This statute, however, does not control this case.

Under the current statute, although arbitration awards can be reviewed under the error of law standard, the applicability of this standard of review is limited.

§ 7302   Scope of subchapter

\*       \*       \*       \*       \*       \*

**(d) Special application.—**

(1) Paragraph (2) shall be applicable where:

(i) The Commonwealth government submits a controversy to arbitration.

(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

(iii) Any person has been required by law to submit or agree to submit a controversy to arbitration pursuant to this subchapter.

(2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

42 Pa.C.S.A. § 7302(d) (Purdon's 1982).   In this case, the question is whether the standard set forth in 42 Pa.C.S.A. § 7302(d)(2) applies.   Clearly, neither the Commonwealth nor any political subdivision is involved in this case; therefore, the provisions of § 7302(d)(1)(i) and (ii) are not applicable.   The question then is whether the error of law standard is applicable under 7302(d)(1)(iii) because the parties were "required by law to submit or to agree to submit" this controversy to arbitration.

There is no law in the Commonwealth of Pennsylvania which requires that persons involved in a dispute over UM or UIM coverage submit the controversy to arbitration. Further, there is no law in the Commonwealth of Pennsylvania which requires that parties to insurance policies enter an agreement that any dispute surrounding coverage be submitted to arbitration.   Appellee, Lemuel Dearry, makes the strained argument that he was required by law to submit this controversy to arbitration as a third-party bene-

ficiary to the contract. Appellee cites *Johnson v. Pennsylvania National Insurance Co.* for the proposition that as a third-party beneficiary to the contract, he was required to pursue this dispute through arbitration. 527 Pa. 504, 594 A.2d 296 (1991). Appellee is correct in that he was required by the contract to arbitrate his dispute. We do not believe, however, the fact that appellee was required to submit this matter to arbitration by the contract between Aetna and Mary Wilkie automatically invokes the broad scope of review provided for in 42 Pa.C.S.A. § 7302(d)(2). Clearly such a result would be absurd in light of the structure of the statute. If we were to accept appellee's argument, all persons who enter into a contract which provides that the parties agree to arbitration would be entitled to the broad scope of review provided for in § 7302(d)(2). This result flows naturally from the fact that the law would enforce the agreement to arbitrate as an appropriate choice of forum or remedy. Therefore, any party to an enforceable agreement to arbitrate would be required by law to arbitrate and entitled to the broad error of law standard. Such a result is contrary to the language and structure of the statute.

We find for numerous reasons that this is not a proper interpretation of the statute. First, it is clear that when interpreting a statute the legislative intent controls, and that when determining legislative intent it is presumed that the legislature did not intend an absurd result. 1 Pa. C.S.A.App. §§ 1921 & 1922 (Purdon's Supp.1991). We believe that the result which appellee requests would be absurd, because if we adopted such a standard it would eliminate the effectiveness of all of the conditions placed on the applicability of the standard of review found in § 7302(d)(2). Second, in determining legislative intent, it is presumed that the legislature intended that the entire statute be effective. 1 Pa.C.S.A.App. § 1922 (Purdon's Supp. 1991). Appellee's interpretation would make the condition contained in 42 Pa.C.S.A. § 7302(d)(1)(iii) completely ineffective. Any party to an enforceable agreement to arbitration would be entitled to the broad standard of review contained

in § 7302(d)(2). Further, we believe that it is appropriate to examine the prior statute to determine the legislative intent in enacting the current statute. 1 Pa.C.S.A.App. § 1921 (Purdon's Supp.1991). We find that the prior statute provided for the broad standard of review in all cases involving statutory arbitration, and that the current statute conditions the application of the broad standard of review. *Compare* 5 P.S. § 171 (Purdon's 1983) (repealed) *and* 42 Pa. C.S.A. § 7302(d) (Purdon's 1982). We find that there was an intent to change this situation and that the interpretation requested by appellee would result in no change from the prior law. We have also reviewed the caselaw in this area, and find that under the caselaw the standard of review set forth in § 7302(d)(2) does not apply to the case before the Court. In *Popskyj v. Keystone Insurance Co.*, 388 Pa.Super. 429, 565 A.2d 1184 (1989) (*en banc*), this Court decided in a case similar to this one that the broad standard of review was not automatically applicable to the review of a statutory arbitration award. In *Popskyj* this Court examined the Uniform Arbitration Act to determine when the broad standard of review found in 42 Pa.C.S.A. § 7302(d)(2) was applicable. In *Popskyj* the Court found that under the Uniform Arbitration Act, it was possible for parties to agree to arbitration and that, in the absence of an agreement to the contrary, the rules of common law arbitration would apply. 42 Pa.C.S.A. § 7302(a) (Purdon's 1982). The appellant in *Popskyj* argued, as appellee does here, that because the law will enforce an agreement to arbitrate the parties are "required by law ... to submit a controversy to arbitration...." 42 Pa.C.S.A. § 7302(d)(1)(iii) (Purdon's 1982). The Court in *Popskyj* rejected this argument for reasons similar to the reasons we have cited above.

The Court in *Popskyj* further went on to compare the current Uniform Arbitration Act with its predecessor, the Uniform Arbitration Act of 1927. *Compare* 42 Pa.C.S.A. § 7302 (Purdon's 1982) *and* 5 P.S. § 171 (Purdon's 1983) (repealed). The Court found that where the prior law applied the broad review for an error of law, standard across the board to all statutory arbitration cases, the

current law limited the application of the broad standard. *Popskyj*, 388 Pa.Superior Ct. at 440, 565 A.2d at 1190. Further, the Court went on to examine the Historical note to the statute and found that it provided insight into the application of the § 7302(d)(2) broad standard of review.

### Historical Note

**Application:**

Section 501(b) of Act 1980, Oct. 5, P.L. 693, No. 142, provides as follows:

"The provisions of 42 Pa.C.S.A. § 7302(d)(2) (relating to special application) shall be applicable to any nonjudicial arbitration pursuant to:

"(1) An agreement made prior to the effective date of this act which expressly provides that it shall be interpreted pursuant to the law of this Commonwealth and which expressly provides for statutory arbitration."

"(2) An agreement heretofore or here-after made which expressly provides for arbitration pursuant to the former provisions of the act of April 25, 1927 (P.L. 381, No. 248), relating to statutory arbitration."

42 Pa.C.S.A. § 7302 (Purdon's 1982) (Historical Note). The Court in *Popskyj* recognized that the legislature had provided in this note for cases that should be governed by the broad standard contained in the prior law. *Popskyj*, 388 Pa.Superior Ct. at 440, 565 A.2d at 1190. The Court in *Popskyj* then went on to reason that the case before the Court did not fall into the situations discussed in the note and it should not be covered by the broad standard of § 7302(d)(2).

We see no difference between the present case and *Popskyj*. This case does not involve an agreement entered into prior to the effective date of the new act. This case does not involve an agreement to arbitrate under the prior act. Clearly, the note does not bring this case under the broad standard contained in § 7302(d)(2).

In the absence of an applicable statutory standard of review, the common law standard of review applies. *See* 42 Pa.C.S.A. § 7302(a) (Purdon's 1982). Under the common

law, a decision of a board of arbitrators cannot be reviewed for an error of law. *Id.* We agree with the lower court that the decision of the board of arbitrators should not have been reversed, and, therefore, the order of the trial court correcting and modifying the decision of the arbitrators should be reversed.

Since appellant's second issue asks us to review the legal correctness of the arbitrators' decision, we find that it is outside the scope of review. Therefore, we will not reach this issue.

Order reversed.