## Heist v. Keystone Insurance Co.

C.P. of Dauphin County, no. 1730 S 1994.

*Scott W. Morgan,* for plaintiffs.
*Karl R. Hildabrand,* for defendant.

*EN BANC,* KLEINFELTER, HOOVER AND CLARK, *JJ.*

KLEINFELTER, J., March 19, 1997—The matter presently before the court is defendant's appeal of an insurance arbitration award in favor of the plaintiffs. On May 9, 1990, plaintiffs Donald and Susan Heist were in their car and stopped at a red light on Route 22 in Colonial Park when a car driven by George Crowley rear-ended them. As a result of the collision, the Heists were injured. The Heists owned an automobile insurance policy with defendant Keystone Insurance Company. Keystone paid the Heists' first party claims from the car accident. In addition to first party coverage, Heists' policy with Keystone also included underinsured motorist coverage.

On January 16, 1992, the Heists filed a complaint against George Crowley for injuries resulting from the car accident. Crowley was insured by Nationwide Insurance Company. After a trial on January 26 and 27, 1994, a jury returned a verdict for $200,000 in favor of the Heists. However, Crowley's liability limit under his Nationwide policy was 100,000. Nationwide paid $100,000 to the Heists leaving an unpaid remainder from the verdict of $100,000.

Thereafter, the Heists made a demand on Keystone that Keystone pay the $100,000 balance on the verdict pursuant to the UIM coverage in Heists' automobile insurance policy. When Keystone did not respond, the Heists demanded arbitration.[1] On June 16, 1994, this court issued an order directing Keystone to submit to arbitration. On August 16, 1996, a panel of arbitrators found in favor of the Heists and awarded the Heists the remaining $100,000 balance under the policy's UIM coverage.

Keystone has now appealed the arbitration decision. Keystone claims that the arbitrators exceeded their jurisdiction and erred as a matter of law in making their award in favor of the Heists. In particular, Keystone argues that this court should use the "standard of law" review and not the "fraud" standard in reviewing the arbitration award. Thus, before this court can review

---

1. The Heists' insurance policy with Keystone provided arbitration when disputes arose concerning UIM claims:

*"ARBITRATION*

"If we and an 'insured' do not agree:

"(1) Whether that person is legally entitled to recover damages from the owner or operator of an 'uninsured motor vehicle' or 'underinsured motor vehicle'; or

"(2) As to the amount of damages; either party may make a written demand for arbitration. Arbitration shall be conducted in accordance with the provisions of the Pennsylvania Uniform Arbitration Act. Each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either party may request that selection be made by a judge of a court having jurisdiction.

"Each party will:

"(1) Pay the expenses it incurs; and

"(2) Bear the expenses of the third arbitrator equally.

"Unless both parties agree otherwise, arbitration will take place in the county in which the 'insured' lives. Local rules of law as to procedure and evidence apply. A decision agreed to by two of the arbitrators will be binding."

the arbitration award, it must first be determined what standard of review is proper.

The standard of review of an arbitration award is determined by the type of arbitration used by the parties. Pennsylvania has two forms of arbitration, statutory[2] and common law. In order for an agreement to arbitrate to be classified as statutory, two requirements must be met: (1) the agreement must be in writing, and (2) the agreement must expressly provide for arbitration under the Pennsylvania Uniform Arbitration Act. 42 Pa.C.S. §7302(a). *Dearry v. Aetna Life and Casualty Insurance Co.,* 415 Pa. Super. 634, 610 A.2d 469 (1992). In the case at bar, it is clear that this is a statutory arbitration situation. The insurance policy expressly provides for arbitration under the Pennsylvania Uniform Arbitration Act when an insured and Keystone do not agree as to whether an insured is entitled to UIM benefits. Thus, our focus now turns to the applicable standard of review.

In a case of common-law arbitration and most statutory arbitrations, the standard of review on appeal is the fraud standard.

"Section 7341. Common-law arbitration

"The award of an arbitrator in a nonjudicial arbitration which is not subject to subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S. §7341.

Under statutory arbitration, awards are reviewed by the error of law standard which allows modification

---

2. Statutory arbitration is provided in the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S. §7301 et seq.

of an arbitration award where the award is contrary to law. 42 Pa.C.S. §7302(d)(2). However, applicability of the error of law standard is limited to situations where a party has been compelled to arbitration by Pennsylvania law or the Commonwealth or a political subdivision is a party.

"Section 7302. Scope of subchapter . . .

"(d) Special application.—

"(1) Paragraph (2) shall be applicable where:

"(i) The Commonwealth government submits a controversy to arbitration.

"(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

"(iii) Any person has been required by law to submit or agree to submit a controversy to arbitration pursuant to this subchapter.

"(2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a judgment or judgment notwithstanding the verdict." 42 Pa.C.S. §7302(d).

*In Dearry, supra,* the Superior Court held that parties to a UIM dispute are not required by Pennsylvania law to submit the UIM controversy to arbitration and that where a party is forced to arbitration pursuant to an insurance contract, this act does not invoke the error of law review as provided in 42 Pa.C.S. §7302(d)(2). In the absence of an applicable statutory standard of review, the common-law standard of review applies. *Id.* at 637, 610 A.2d at 473, citing, 42 Pa.C.S. §7302(a).

*In Boulevard Associates v. Seltzer Partnership,* 445 Pa. Super. 10, 664 A.2d 983 (1995), the common-law scope of review was further described:

"In arbitration governed by common-law principles, the arbitrators are the final judges of both law and fact and the award is not subject to judicial review for mistakes of either unless it is clearly shown that the party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. To prevail on these grounds actual fraud must be shown ... Similarly, an 'irregularity' will not be found simply upon a showing that an incorrect result was reached. An irregularity which requires reversal of a commonlaw arbitration award refers to the process employed in reaching the result of the arbitration, not to the result itself." *Id.* at 18, 664 A.2d at 987.

In the case sub judice, the common-law fraud standard applies to our review of the arbitration since neither the Commonwealth nor a political subdivision is a party. Also, neither the Heists nor Keystone were compelled under Pennsylvania law to submit to arbitration. The insurance contract between the Heists and Keystone provided for arbitration of UIM disputes. Our review of the arbitration finds that no fraud or irregularities existed in the arbitration process which would warrant a reversal of the arbitrators' award. Defendant has failed to show any fraudulent acts or that the award was unconscionable. Accordingly, we enter the following:

## ORDER

And now, March 19, 1997, after consideration of defendant's appeal, plaintiffs' petition and response thereto and oral arguments of counsel, it is hereby ordered that defendant's appeal is denied and the arbitration award in favor of the plaintiffs is confirmed.