**Adams v. Allstate Insurance Co.**

C.P. of Lackawanna County, no. 97 CV 4731.

*Mark W. Bufalino* and *Stephen A. Menn,* for plaintiff.
*George E. Mehalchick,* for defendant.

MINORA, *J.,* November 10, 1998—This matter arises out of an automobile accident that occurred in Newark, New Jersey on June 6, 1995, and is before the court by way of plaintiff's petition to modify, correct and/or vacate an arbitration award that was handed down in favor of the defendant. Oral argument was held before this court on October 21, 1998. The parties have briefed their respective positions and this memorandum and order follows.

## FACTS AND PROCEDURAL HISTORY

On June 6, 1995, Luisa Adams, plaintiff, was crossing mid-block in Raymond Boulevard in Newark, New Jer-

sey, on foot, when she was struck by a vehicle operated by Melissa Colon. Raymond Boulevard is a six-lane roadway and Colon was traveling in the third of three westbound lanes of traffic. Upon being struck, the plaintiff was thrown into the air, landing on the asphalt roadway. The plaintiff contends that she sustained serious, severe and possibly permanent physical and emotional injuries.

At the time of the accident, the plaintiff was insured under her husband's automobile insurance policy, issued in the State of Pennsylvania. The plaintiff's insurance policy provides for arbitration between Allstate and the policyholder at page 13 as follows:

*"If we cannot agree*

"If the insured person and *we* don't agree:

"(1) on that person's right to receive damages, or

"(2) on the amount of those damages,

"then upon the written request of either party the disagreement will be settled by arbitration as provided under the Pennsylvania Uniform Arbitration Acts 1927 and 1980."

After receiving Allstate Insurance Company's consent, the plaintiff's third party claim against Colon was settled for their full automobile policy limits of $15,000 with Claredon National Insurance Company. The plaintiff then made a claim for underinsured motorist benefits against the defendant, which was submitted to arbitration, in accordance with the above clause in the plaintiff's insurance policy.

On October 9, 1996, the plaintiff selected Malcolm Limongelli, Esquire, as her arbitrator. On December 19, 1996, Allstate Insurance Company, defendant, selected Joseph O'Brien, Esquire, as its arbitrator. On October 7, 1997, the plaintiff filed a petition for the

appointment of an arbitrator because the parties to this action were unable to agree on a neutral arbitrator. On October 21, 1997, Frank Eagen, then a judge of the Lackawanna County Court of Common Pleas, appointed Cal Levanthal, Esquire, as the third and neutral arbitrator.

On May 29, 1998, a hearing was held by the arbitrators and on June 25, 1998, by a two to one majority, the arbitrators issued a written award in favor of defendant and delivered it to the parties. Attorney Limongelli dissented. Plaintiff then filed the instant petition to modify, correct, and/or vacate the arbitration award currently ripe for decision before this court.

## DISCUSSION

Initially, this court must determine the clarity of the governing language contained in the insurance contract at issue.

With regard to insurance contract interpretation the Supreme Court of Pennsylvania has held:

"The interpretation of a contract of insurance is a matter of law for the courts to decide. In interpreting an insurance contract, we must ascertain the intent of the parties as manifested by the language of the written agreement. When the policy language is clear and unambiguous, we will give effect to the language of the contract." *Paylor v. Hartford Insurance Co.,* 536 Pa. 583, 586, 640 A.2d 1234, 1235 (1994).

The Pennsylvania Superior Court has stated that "it is also a legal axiom that we will not create an ambiguity where there is none." *Lebanon Coach Co. v. Carolina Casualty Insurance Co.,* 450 Pa. Super. 1, 31, 675 A.2d 279, 294 (1996). We find the governing insurance con-

tract language is clear and unambiguous; therefore we give effect to its exact language.

Page 14 of the plaintiff's insurance policy dealing with underinsured motorist coverage states: "we will pay damages to an insured person for bodily injury which the insured person is legally entitled to recover from the owner or operator of an underinsured auto." This court finds that the provision unambiguously states that the plaintiff will have the same rights of recovery against the defendant insurance company as she would have against Colon, the underinsured driver.

Next, we must address the issue of which substantive law the arbitrators should have applied in this case. The arbitrators panel applied the substantive law of New Jersey. The plaintiff contends that because the insurance policy giving rise to the arbitration was issued in Pennsylvania, then Pennsylvania's substantive law should have been applied. The defendant avers that the arbitrator's application of New Jersey's substantive law was proper. We concur with the defendant.

In determining which state's substantive law should properly have been applied it must be determined which state has the greatest interest in the application of its laws to the case. *Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854 (1970). This court finds guidance from the Pennsylvania Supreme Court's holding in *Cipolla* that "[i]n determining which state has the greater interest in the application of its law, one method is to see what contacts each state has with the accident . . . ." *Id.* at 566, 267 A.2d at 856. Upon examination of the facts of the case sub judice, we find that New Jersey had the greater contact and, thus, the greater interest with the accident at issue than did Pennsylvania. The accident occurred in New Jersey; both Colon (the alleged tortfeasor) and the plaintiff were residents of New Jersey.

In a more recent decision, the Pennsylvania Commonwealth Court has held: "Under the Pennsylvania choice of law standard, the state having the most interest in the problem, and which is the most intimately concerned with the outcome, is the forum whose law should apply." *Byard F. Brogan Inc. v. W.C.A.B. (Morrissey),* 161 Pa. Commw. 453, 459, 637 A.2d 689, 692 (1994). Substantial contacts exist between the State of New Jersey and the accident at issue. Had this action been commenced against Colon, the alleged tort-feasor, we feel that New Jersey would have the most interest and would be the most intimately concerned with its outcome. The only Pennsylvania contact is that the policy of insurance was issued in Pennsylvania.

Thus, in light of this determination, as well as the fact that the clear and unambiguous language of the plaintiff's insurance policy places the defendant in the shoes of the tort-feasor, this court finds that the arbitrators' application of New Jersey substantive law to this case was proper.

This court will now examine the proper standard of review to be applied to the plaintiff's petition to modify, correct and/or vacate the arbitration award. Neither party has contested that Pennsylvania procedural law applies to the determination of the propriety of the arbitration award at issue. Additionally, the parties to this action submitted to an arbitration hearing within this state. Therefore, we shall proceed to analyze the issue of the correct standard of review applicable under Pennsylvania law.

The plaintiff avers that under Pennsylvania law, a court reviewing an arbitration award shall modify or correct the award where it is contrary to law and is such that had it been a verdict of a jury, the court would have entered a different verdict or judgment n.o.v.

24

This standard is derived from the 1927 Arbitration Act. Conversely, the defendant maintains that the more narrow standard of review found in the 1980 Arbitration Act (42 Pa.C.S. §7302(d)) applies. Pursuant to 42 Pa.C.S. §7302(d), a statutory arbitration will be modified or corrected where the award is *contrary to law,* but only in the following circumstances:

"(i) The Commonwealth government submits a controversy to arbitration.

"(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

"(iii) Any person has been required by law to submit or to agree to submit a controversy to arbitration pursuant to this subchapter." *Cotterman v. Allstate Insurance Co.,* 446 Pa. Super. 202, 207-208, 666 A.2d 695, 698 (1995).

It is clear that (i) and (ii) do not apply to the current action, because the Commonwealth did not submit the current controversy to arbitration and it does not involve a political subdivision submitting a controversy with an employee or representative of employees to arbitration. Therefore, the only remaining question deals with whether the plaintiff was required by law to submit to arbitration.

Pennsylvania law does not require persons involved in a dispute over uninsured and underinsured motorist coverage to submit their controversy to arbitration. *Dearry v. Aetna Life & Casualty Insurance Co.,* 415 Pa. Super. 634, 639, 610 A.2d 469, 472 (1992). Furthermore, no Pennsylvania law requires that parties to insurance policies enter an agreement that any dispute surrounding coverage be submitted to arbitration. *Id.* The *Cotterman* court, discussed *supra,* explained 43 Pa.C.S. §7302(d)(iii) by holding that "there are only

two cases which, without more, shall be viewed as falling within section 7302(d)(iii):

"(1) *agreements to arbitrate* made prior to December 4, 1980, the effective date of the 1980 Act, expressly providing for arbitration pursuant to the laws of the Commonwealth; and

"(2) *agreements to arbitrate,* made either before or after 1980, expressly providing for arbitration under the 1927 Act [which provided for a contrary to law standard of review]." *Cotterman, supra* at 208, 666 A.2d at 698. (emphasis added)

In *Cotterman,* as in the case at bar, the insurance policy was executed after the effective date of the 1980 Act and the policy's arbitration provision expressly provided that arbitration would be governed by both the 1927 and 1980 Acts. The *Cotterman* court went on to acknowledge that the 1980 Act sets forth a more stringent standard for vacating, modifying and/or correcting statutory arbitration awards. *Id.*

The issue of whether to apply the standard of the 1927 or 1980 Act when they are both listed in the policy was resolved by the *Cotterman* court as follows:

"To reconcile the conflicting standards in Allstate's arbitration provision, we find it more prudent, and more in line with the previous decisions of this court, to apply the latest enactment of the Pennsylvania Legislature—the 1980 Act—to review the instant arbitration award. While the inclusion of both Acts in Allstate's policy is most likely the result of poor draftsmanship, we think it more consistent with the parties' intent to apply the later Act, which sets forth a narrow legal standard, as compared to the 1927 Act's broad scope of review." *Id.* at 210, 666 A.2d at 699.

In light of the above holding by the Superior Court when faced with such an analogous case, we must find that the more stringent 1980 Act applies to the case sub judice.

The standard of review of an arbitration governed by the 1980 Act is embodied in section 7341 of the Act, which provides in pertinent part:

"(1) On application of a party, the court shall vacate an award where:

"(i) the court would vacate the award under section 7341 (relating to common-law arbitration) if this sub-chapter were not applicable;

"(ii) there was evidence of partiality by an arbitrator . . .

"(iii) the arbitrators exceeded their powers;

"(iv) the arbitrator refused to postpone the hearing upon good cause being shown . . . ." *MGA Insurance Co. v. Bakos,* 699 A.2d 751, 753 (Pa. Super. 1997). (footnote omitted)

Therefore, in light of the current state of the law discussed *supra,* this court holds that the standard of review properly applied to plaintiff's petition to modify, correct and/or vacate arbitration award is found in 42 Pa.C.S. §7341. In order for the plaintiff's petition to succeed, she must clearly show that she "was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S. §7341.

The plaintiff avers that the arbitrators' award violates public policy and that the award imports such bad faith as to constitute an irregularity, causing the rendition of an unjust, inequitable and/or unconscionable award. However, upon thorough review of the documents presented to this court and in light of the total lack of

specific plaintiff's averments, we find no basis pleaded for the plaintiff's bald assertions that the arbitrator's award violated public policy or was initiated in bad faith.

Thus, this court has determined that the proper standard of review applicable, to the arbitration at issue in this matter does not warrant our disturbing the arbitrators' award. Therefore, based on the above facts and applicable case law, the plaintiff's petition to modify, correct and/or vacate arbitration award is denied. An appropriate order follows.

## ORDER

And now to wit, November 10, 1998, the plaintiff's petition to modify, correct and/or vacate arbitration award is denied. The parties are to proceed with this case in a manner consistent with this opinion.