Joseph D'ALONZO, Arthur C. Bodman, Barbara M. Huber, Diane J. Wright, Thomas D. Folkman, Carolyn F. Folkman, Petitioners,

v.

STATE REAL ESTATE COMMISSION, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1997.

Decided Nov. 5, 1997.

Reargument Denied Dec. 22, 1997.

Christen A. Gilmore, Lansdale, for Petitioner.

Jackie Wiest Lutz, Harrisburg, for Respondent.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge

RODGERS, Senior Judge.

Joseph D'Alonzo, Arthur C. Bodman, Barbara M. Huber, Diane J. Wright, Thomas D. Folkman and Carol F. Folkman (Petitioners) petition for review of an order of the State Real Estate Commission (Commission) which affirmed a hearing examiner's decision that imposed a civil penalty of $500.00 on each Petitioner for violating a Commission regulation. We affirm.

The Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs (Commonwealth), charged Petitioners with failure to include their employing broker's telephone number on advertisements in violation of 49 Pa.Code § 35.305(b), which states:

> An advertisement by an associate broker, [or] salesperson ... shall contain the business name and telephone number of the employing broker. The name and telephone number of the employing broker shall be given greater prominence in the advertisement than the name and telephone number of the employee.

The Commonwealth issued letters of warning to each Petitioner following the discovery of advertisements published in the *Ambler Gazette*, each of which gave phone numbers other than that listed in directory information for the employing broker. Petitioners did not respond to these warning letters. Then from May 29, 1996, through June 11, 1996, all Petitioners advertised in *Harmon Homes*, a real estate magazine. On July 9, 1996, citations were issued to each Petitioner for failing to include in their respective advertisements the telephone number of their employing broker. The numbers provided in the advertisements again did not match the telephone numbers given by directory assistance for the employing broker.

At the hearing before the hearing examiner, Petitioners argued that they were following a procedure that had been approved by the Commission in 1994, when their telephone systems were set up. They contended that this procedure allows telephone numbers, owned and maintained by the employing broker but assigned to various salespeople to answer, to be displayed in the advertisements for each Petitioner. To prove that the Commission approved this procedure, Petitioners relied on correspondence between the Commission and an attorney from the same firm as the attorney presently representing Petitioners.

Despite this evidence, the hearing examiner found Petitioners guilty of 49 Pa.Code

§ 35.205(b) and fined each one $500.00. On appeal, the Commission reviewed the record, noting that in defense Petitioners argued again that the 1994 correspondence supported their interpretation of the regulation and that their employing brokers paid for the telephone numbers appearing in the advertisements. However, the Commission found both arguments not persuasive. Specifically, the Commission found that the scenario posed in the 1994 letter stated that the phone number was the employing broker's number, i.e., the directory assistance number, so that no violation occurred. The Commission also discussed the purpose of the regulation in that it ensures that a consumer would know the name and phone number of the employing broker, who is in turn responsible for the activities of the salesperson.

■ On appeal to this Court,[1] Petitioners argue that the Commission changed its interpretation of 49 Pa.Code § 35.305(b) and did not provide notice of this change of interpretation. They again rely on the 1994 attorney's letter and the response from Mr. Wennberg, counsel for the Commission, whose letter set forth the Commission's belief that the scenario presented would not violate the regulation. Petitioners contend that Mr. Wennberg's interpretation of the regulation allowed an employing broker to have multiple phone numbers at the same location, while the Commission's present interpretation limits an employing broker to only one phone number.

Relying on *Gibson v. Unemployment Compensation Board of Review*, 682 A.2d 422 (Pa.Cmwlth.1996), and *Standard Fire Insurance Co. v. Insurance Department*, 148 Pa. Cmwlth. 350, 611 A.2d 356 (1992), Petitioners also argue that an administrative agency may change its position regarding the interpretation of its rules and regulations, but that it must first explain, distinguish or overrule its own precedent.

In response, the Commission argues that the question posed in the 1994 attorney's letter provided a fact pattern where only one telephone number was represented to be the employing broker's telephone number; a situation different from the one here. The Commission also contends that Petitioners misinterpreted Mr. Wennberg's response to the 1994 letter and that Petitioners' interpretation cannot support their argument that the Commission changed its interpretation of the regulation. The Commission also points out that no evidence was presented showing that the attorney who wrote the 1994 letter represented Petitioners, communicated Mr. Wennberg's response to Petitioners or that Petitioners acted in reliance upon the Commission's response. The Commission further contends that its interpretation of the regulation is consistent with the underlying purpose of the regulation and that giving it an interpretation as espoused by Petitioners would make the regulation meaningless.

In reviewing the language of the 1994 letter, it is apparent that an attempt was made to describe the situation that resulted in the violations at issue here. Yet taken as a whole the letter does not make clear that each salesperson would have a different number, albeit at the location of the employing broker. In fact, the letter does not make clear that a different phone number for each salesperson would be used in advertisements. Moreover, Petitioners were on notice that a problem existed when the warning letters were sent after their advertisements were published in the *Ambler Gazette*. Clarification could have been sought before citations were issued, before a hearing was even scheduled and certainly before the hearing was held and the penalties assessed. Furthermore, nothing in the record shows that the interpretation of the regulation had changed at all.

■ This Court defers to an agency's expertise and gives the agency's interpretation of its regulations great weight unless it is plainly erroneous or inconsistent with the regulations. *Carlson Mining Co. v. Department of Environmental Resources*, 163 Pa. Cmwlth. 141, 639 A.2d 1332 (1994), *petition*

---

1. Our scope of review of an agency appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Slawek v. State Board of Medical Education and Licensure*, 526 Pa. 316, 586 A.2d 362 (1991).

*for allowance of appeal denied,* 538 Pa. 675, 649 A.2d 676 (1994). Statutory and regulatory interpretations should be accorded great deference. *Id.*

Because the Commission's interpretation is not clearly erroneous or inconsistent with the regulation, we conclude that the Commission did not err in holding Petitioners in violation of the regulation, especially in light of the regulation's underlying purpose. Moreover, we conclude that no evidence supports the allegation that the Commission changed its interpretation of the regulation.

Accordingly, the Commission's order is affirmed.

### ORDER

NOW, November 5, 1997, the order of the State Real Estate Commission, dated January 15, 1997, is affirmed.