**Michael D. CAMPO; Pamela L. Butera; Richard M. Schurr; Theodore G. Rich, Jr; Angela M. Farrell; Ellen Thornton Staerk; Diane Rita Cardano; Cynthia L. Wadsworth; Gary L. Segal; Christine S. Segal, Petitioners,**

**v.**

**STATE REAL ESTATE COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1998.

Decided Dec. 30, 1998.

As Amended Jan. 7, 1999.

Reargument Denied Feb. 16, 1999.

Steven A. Hann, Landsdale, for appellants.

Jackie Wiest Lutz, Harrisburg, for respondent.

Before SMITH, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

SMITH, Judge.

Before this Court is a petition by several real estate salespersons and associate brokers (Petitioners) for review of an adjudication and order of the State Real Estate Commission (Commission) affirming a hearing examiner's decision to impose civil fines on Petitioners for violation of 49 Pa.Code §35.305(b). That regulation requires salespersons and associate brokers to list the business name and telephone number of their employing broker in advertisements. Petitioners contend that the regulation exceeds the authority granted to the Commission by the Real Estate Licensing and Registration Act (Act), Act of February 19, 1980, P.L. 15, *as amended*, 63 P.S. §§455.101—455.902. In the alternative, Petitioners contend that their actions complied with the regulation. This case hinges on the meaning of the phrase "telephone number of the employing broker."

Petitioners are a group of salespersons and associate brokers employed by Re/Max Services, Inc. (Re/Max). Petitioners placed advertisements containing their respective names, photographs and job titles. The advertisements each contained the name Re/Max and one telephone number. Each telephone numbers, although purchased by Re/Max, provided a direct connection to the salesperson or associate broker featured in the advertisement. Directory assistance provides a different number for Re/Max, which appeared in none of the advertisements. Due to these advertisements, Commission investigators cited Petitioners for violating 49 Pa.Code §35.305(b). That regulation provides:

> An advertisement by an associate broker [or] salesperson ... shall contain the business name and telephone number of the employing broker. The name and telephone number of the employing broker

shall be given greater prominence in the advertisement than the name and telephone number of the employe.

The hearing examiner found that Petitioners' advertisements violated the regulation. The examiner imposed $500 fines against those Petitioners who were first-time offenders and $750 fines against the second-time offenders. Petitioners filed exceptions and the Commission affirmed. This appeal followed.[1]

Petitioners first contend that 49 Pa. Code §35.305(b) is outside the authority granted by the Commission's enabling statute. The rulemaking power of administrative agencies is limited by statutory grant of authority and can only be conferred by clear and unmistakable language setting the exact bounds of the statutory grant. *Volunteer Firemen's Relief Association v. Minehart,* 425 Pa. 82, 227 A.2d 632 (1967); *Pennsylvania Medical Society v. State Board of Medicine,* 118 Pa.Cmwlth. 635, 546 A.2d 720 (1988). An agency's authority to promulgate a regulation may rest upon a grant of power implicit in the enabling legislation; such implication, however, must be manifest. *Pennsylvania Association of Life Underwriters v. Department of Insurance,* 482 Pa. 330, 393 A.2d 1131 (1978); *see also Chimenti v. Department of Corrections,* 720 A.2d 205 (Pa. Cmwlth.1998) (discussing the distinction between a administrative agency's authority to promulgate regulations and the authority to promulgate policy statements).

Section 404 of the Act, 63 P.S. §455.404, clearly authorizes the Commission to promulgate rules and regulations to effectuate the purposes of the Act. Nevertheless, Petitioners contend that no portion of the Act demonstrates a purpose to limit telephone numbers placed in an advertisement. Section 604(a)(16), 63 P.S. §455.604(a)(16), however, requires employing brokers to adequately supervise employed salespersons and associate brokers, and Section 604(a)(4) prohibits misleading advertising. Thus it is apparent that ensuring adequate employee supervision is a settled purpose of the Act and that the Act extends to advertisements. The Commission argues that the regulation advances the twin aims of employee supervision and prevention of public misconception by providing the public with unfettered access to the employee's supervisor. It also prevents the public from mistakenly believing that the salesperson or associate broker is self-employed.

As the administrative body charged with implementing the Act, the Commission is entitled to substantial deference in the performance of its duties, and the Commission's interpretation of the Act should not be overturned unless it is clear that such construction is erroneous. *Hanna v. Public School Employes' Retirement System/Board,* 701 A.2d 800 (Pa.Cmwlth.1997). It is also particularly significant that the legislature has taken no action to disturb 49 Pa.Code §35.305(b) even though there have been regulations requiring the employing broker's telephone number in advertisements for over thirty years.[2] *See generally Hospital Association of Pennsylvania v. MacLeod,* 487 Pa. 516, 410 A.2d 731 (1980) (relying on the legislature's failure to disturb a long-standing regulation when interpreting legislative intent). In light of the foregoing, the Court finds ample authority in the Act for the Commission's promulgation of the regulation in question.

Next Petitioners contend that the Commission committed an error of law by misinterpreting 49 Pa.Code §35.305(b). The Commission interprets the regulation as requiring salespersons and associate brokers to include their employing broker's directory

1. In reviewing an appeal from an administrative agency, the Court is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are unsupported by substantial evidence. *D'Alonzo v. State Real Estate Commission,* 702 A.2d 1102 (Pa.Cmwlth. 1997).

2. The predecessor of 49 Pa.Code §35.305(b) provided in pertinent part: "If the telephone number of the salesman is included in the newspaper advertisement, the telephone number of the broker shall also be included in a more prominent nature." 49 Pa.Code §35.83, adopted September 22, 1966, reserved February 24, 1989, 19 Pa. B. 781 (1989). The text of former 49 Pa.Code §35.83 can be found at serial page (9808) of the Pennsylvania Code.

assistance phone number, i.e., the telephone number a member of the public would obtain if he or she called directory assistance for the office or branch number of the employing real estate firm. Petitioners maintain that an advertisement contains the telephone number of the employing broker for purposes of the regulation whenever it contains a telephone number that the employing broker "owns." In Petitioners' view a person owns a telephone number when he or she pays its associated account and has exclusive rights to the number. Petitioners would have this Court find it irrelevant that the employer-owned telephone numbers were assigned to particular employees and provided direct connections to them.

Recently in *D'Alonzo v. State Real Estate Commission,* 702 A.2d 1102, 1104 n. 1 (Pa. Cmwlth.1997), this Court rejected a similar challenge to the Commission's interpretation of 49 Pa.Code §35.305(b) as requiring the employing broker's directory assistance number. Petitioners maintain that they raise issues distinguishable from those presented in *D'Alonzo.* In particular, Petitioners reference proposed rulemaking from an unadopted version of the regulation. Petitioners maintain that this proposed rulemaking reveals that the sole purpose of the regulation is to alert the public that salespersons and associate brokers are not self-employed; thus it is error to interpret the regulation in a manner intended to effectuate the employing broker's supervisory role.

As this Court explained in *D'Alonzo,* the Commission's interpretations of its own regulations must be accorded great deference unless plainly erroneous or inconsistent. Even if the proposed rulemaking supported the cited proposition, it would not render the Commission's interpretation plainly erroneous or inconsistent. Moreover, the Commission's interpretation advances the purposes of the Act by providing the public with direct access to employees' supervisors, whereas Petitioners' interpretation does not appear to effectuate the purposes of the Act in any respect. The Court can discern no meaningful distinction from the public's standpoint between a direct line to Petitioners owned by their employer versus a direct line that they own themselves.

Finally, Petitioners contend that the Commission's order is unsupported by substantial evidence because the record indisputably reflects that they all included a telephone number in their advertisements that was assigned by Bell Atlantic to Re/Max which owned the telephone numbers. Petitioners also rely on testimony offered by the employing broker that it believed its telephone system to be in compliance with the Commission's regulation. The telephone numbers were, however, direct lines to Petitioners rather than to the directory assistance number for Re/Max, and any testimony about ownership of the numbers or the employing broker's interpretation does not change the fact that Petitioners' actions violated the Commission's regulation. As discussed above, the regulation requires salespersons and associate brokers to include their employing broker's directory assistance telephone number. For the foregoing reasons, the Commission's order is affirmed.

***ORDER***

AND NOW, this 30th day of December, 1998, the order of the State Real Estate Commission is affirmed.

Judge PELLEGRINI concurs in the result only.