IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Diaz,                 :
            Petitioner     :
                               :
      v.                     :
                               :
State Real Estate Commission,    :    No. 1659 C.D. 2023
           Respondent    :    Submitted: June 3, 2025

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                       FILED: July 7, 2025


Anthony Diaz (Petitioner) petitions for review from the December 6, 2023 Final Adjudication and Order (Final Adjudication) of the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs, State Real Estate Commission (Commission), which revoked Petitioner's real estate salesperson license and imposed a $1,000 civil penalty based on violations of the Real Estate Licensing and Registration Act (RELRA)[1] and the Criminal History Record Information Act (CHRIA).[2] Upon review, we affirm.

---

[1] Act of February 19, 1980, P.L. 15, *as amended*, 63 P.S. §§ 455.101-455.902.

[2] Act of July 16, 1979, P.L. 116, *as amended*, 18 Pa.C.S. §§ 9101-9183. The General Assembly enacted CHRIA to "control the collection, maintenance, dissemination or receipt of criminal history record information." *King v. Bureau of Pro. & Occupational Affs., State Bd. of Barber Exam'rs*, 195 A.3d 315, 329 (Pa. Cmwlth. 2018). CHRIA applies to "persons within this Commonwealth and to any agency of the Commonwealth or its political subdivisions which collects, maintains, disseminates or receives criminal history record information." 18 Pa.C.S. § 9103.

## I. Background

Petitioner has held a license to practice as a real estate salesperson in the Commonwealth of Pennsylvania since November of 2015, and held such license at all times pertinent to the instant action. *See* Final Adjudication at 6, Findings of Fact (F.F.) 1-2. At the time the Commission issued the Final Adjudication, Petitioner's real estate salesperson license was in inactive status, having expired in May of 2018, but could have been renewed, reactivated, or reinstated upon the filing of appropriate documentation and payment of attendant fees. *See* Final Adjudication at 6, F.F. 2-3.

In March of 2018, federal authorities indicted Petitioner on multiple criminal charges related to allegations that between December 2012 and May 2014, while acting as a Certified Financial Planner, Petitioner engaged in a scheme to defraud his clients and enrich himself through substantial commissions.[3] *See* Final Adjudication at 6-7, F.F. 7-8 & 10. On January 20, 2020, a jury found Petitioner guilty of seven counts of wire fraud and four counts of mail fraud, felonies under 18 U.S.C. § 1342 and 18 U.S.C. § 1341, respectively (collectively, Federal Convictions).[4] *See* Final Adjudication at 7, F.F. 9. On March 26, 2021, Petitioner was sentenced to serve 210 months in federal prison followed by 3 years of supervised release and monetary penalties including $1,020,840 in restitution. *See*

---

[3] Petitioner's scheme involved a course of conduct whereby he sold his securities clients high risk, speculative, and illiquid investments, had clients sign blank documents or documents partially completed with false information, failed to explain the risky nature and lengthy holding period of the financial products he sold his clients, and failed to divulge to investors that he had been terminated for unauthorized trading. *See* Final Adjudication at 6-7, F.F. 7-8.

[4] Conviction for these crimes requires a showing of intent to defraud. *See* Final Adjudication at 7, F.F. 12.

Final Adjudication at 7, F.F. 11. Petitioner did not notify the Commission of the Federal Convictions. *See* Final Adjudication at 7, F.F. 13.

On April 26, 2022, the Commonwealth of Pennsylvania, Department of State (DOS), filed an 11-count Order to Show Cause (OSC) against Petitioner seeking to revoke Petitioner's real estate salesperson license under Section 604(a) of the RELRA, 63 P.S. § 455.604(a), based on the Federal Convictions.[5] *See* Final Adjudication at 1. Petitioner did not respond to the OSC. *See id.* DOS thereafter filed a Motion to Deem Facts Admitted and Enter Default (Default Motion), which the Commission granted by order dated January 3, 2022 (January 2022 Order).[6] *See id.* Petitioner challenged the January 2022 Order through a variety of filings that ultimately resulted in the Commission vacating the January 2022 Order.[7] *See id.* at 2-3.

DOS filed an Amended Order to Show Cause (AOSC) on May 6, 2022, which included the 11 counts originally contained in the OSC and added 3 additional

---

[5] The 11 counts brought by the Commission in the OSC represented 1 count for each of Petitioner's 7 federal wire fraud convictions and 4 federal mail fraud convictions. *See* OSC at 3, Certified Record (C.R.) at 8.

[6] The Commission denied the original Default Motion based on DOS's failure to serve the same. DOS thereafter corrected the service issue and filed an Amended Certificate of Service on August 25, 2021, followed by a Proof of Service on September 3, 2021. *See* Final Adjudication at 1. After Petitioner again failed to respond, DOS filed a second Default Motion, which the Commission granted on January 3, 2022. *See id.*

[7] By two separate letters in the second half of March 2022, Petitioner sought to "recall" the January 2022 Order, alleging that he had not been served with the OSC. *See* Final Adjudication at 2. Petitioner's letters referenced a "Motion to Recall" that he never filed, prompting DOS to file a Motion for a More Specific Pleading. *See id.* The Commission treated Petitioner's motion/letters as an answer to the OSC and entered an order vacating the January 2022 Order. *See id.* Petitioner also sought the appointment of counsel through a motion filed April 4, 2022, which the Commission denied by order dated April 14, 2022. *See* Final Adjudication at 2.

counts, which alleged that Petitioner failed to report the Federal Convictions as required by Section 35.290(a) of the Commission's regulations, 49 Pa. Code § 35.290(a) (Count 12); that, based on the Federal Convictions, Petitioner posed a substantial threat to the health and safety of his clients or the public, or a substantial risk of further convictions (Count 13); and that the Federal Convictions subjected Petitioner to discipline under Section 9124(c)(1) of CHRIA, 18 Pa.C.S. § 9124(c)(1) (Count 14). *See* Final Adjudication at 3. Petitioner filed a "demurrer" to the AOSC. *See id.*

A hearing was scheduled and conducted before a Hearing Examiner on June 7, 2022. *See* Final Adjudication at 3. Petitioner, who resides in federal prison,[8] did not attend the hearing and did not seek a continuance or a writ of *habeas corpus ad testificandum* to have himself transported to the hearing. *See* Final Adjudication at 3. DOS presented to the hearing, submitted documentary evidence, and offered argument. *See id.* at 3.

On July 22, 2022, the Hearing Examiner issued a Proposed Adjudication and Order (Proposed Adjudication) that proposed the dismissal of Counts 1-11 of the AOSC based on the Hearing Examiner's understanding that Petitioner was not subject to discipline under the RELRA because the underlying crimes were not related to Petitioner's practice as a real estate salesperson. *See* Final Adjudication at 4; *see also* Proposed Adjudication at 11-12. The Hearing Examiner further proposed the dismissal of Count 13 based on her belief that Petitioner was not subject to discipline under the RELRA paired with 63 Pa.C.S. § 3113(b)(2). *See* Final Adjudication at 4; *see also* Proposed Adjudication at 12-13. The Hearing Examiner proposed, however, that Counts 12 and 14 be sustained based on the

[8] *See* Final Adjudication at 6, F.F. 5.

Hearing Examiner's finding that Petitioner was subject to discipline for failing to notify the Commission of the Federal Convictions and under Section 9124(a.1) of CHRIA. *See* Final Adjudication at 4; *see also* Proposed Adjudication at 13-20. Accordingly, the Proposed Adjudication recommended the revocation of Petitioner's real estate salesperson license[9] and the imposition of a $1,000 civil penalty. *See* Proposed Adjudication at 19-22.

The Commission filed a Notice of Intent to Review the Proposed Adjudication on August 8, 2022. *See* Final Adjudication at 5; Notice of Intent to Review, Certified Record (C.R.) at 680-81.[10] Petitioner filed a Brief on Exceptions on September 10, 2022.[11] *See* Final Adjudication at 5; Petitioner's Brief on Exceptions, C.R. at 688-90. DOS filed its Brief Opposing Exceptions on September 15, 2022. *See* Final Adjudication at 5; Brief Opposing Exceptions, C.R. at 692-95.

The Commission issued the Final Adjudication on December 6, 2023. Therein, the Commission determined that Petitioner was subject to disciplinary action for all 14 counts of the AOSC by virtue of the Federal Convictions. *See* Final Adjudication at 9-24, Final Order. Accordingly, the Commission revoked Petitioner's real estate salesperson license and imposed a $1,000 civil penalty. *See*

---

[9] The Proposed Adjudication proposed, and the Final Adjudication permits, that Petitioner be allowed to apply for reinstatement of his license after a period of five years. *See* Proposed Adjudication at 21; Final Adjudication at Final Order.

[10] The Certified Record filed in this matter does not sequentially number the entire contents of the record. The pagination employed by the Court in this opinion derives from assigning a number to each page of the filing, beginning with the cover page and continuing thereafter.

[11] Petitioner filed a Request for Extension of Time for Good Cause (Extension Request) on August 29, 2022, requesting additional time to file his Brief on Exceptions. *See* Extension Request, C.R. at 683-86.

Final Adjudication at Final Order. Petitioner thereafter timely appealed to this Court.[12]

## II. Issues

On review,[13] Petitioner seeks reversal of the Commission's revocation of his real estate salesperson license and imposition of a $1,000 civil penalty. See Petitioner's Br. at 37-40. Petitioner argues that the Commission lacked jurisdiction to discipline him because he did not have a current real estate salesperson license at the time the Commission revoked his license. *See id.* Petitioner further argues that the Commission erred by revoking his real estate salesperson license because the Federal Convictions did not involve actions performed in relation to real estate sales. *See id.* at 38-40.

## III. Discussion

Initially, we observe that the Commission is charged with the responsibility of regulating the real estate profession in Pennsylvania. *See* 63 P.S. § 455.406(1).[14] In matters concerning a professional real estate license, the

---

[12] Petitioner signed the *pro se* letter that preserved his appeal filing date in this Court on December 26, 2023; the postal stamp indicates the letter was mailed on December 27, 2023, and the Court received the letter on January 2, 2024.

[13] Our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact were unsupported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *see also Campo v. State Real Est. Comm'n*, 723 A.2d 260 (Pa. Cmwlth. 1999). An agency's adjudication is not in accordance with the law if it represents a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions. *Slawek v. State Bd. of Med. Educ. & Licensure*, 586 A.2d 362 (Pa. 1991). An agency abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or exercises judgment that is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill-will, as shown by the evidence of record. *Man O'War Racing Ass'n v. State Horse Racing Comm'n*, 250 A.2d 172 (Pa. 1969).

[14] Section 406 of RELRA states, in pertinent part:

Commission is the ultimate finder of fact. *See Cannizzaro v. Dep't of State, Bureau of Pro. & Occupational Affs.*, 564 A.2d 564 (Pa. Cmwlth. 1989). As the fact finder, the Commission acts as the exclusive arbiter of conflicts in the evidence and credibility and is free to accept or reject the testimony of any witness, in whole or in part, even if it is uncontradicted. *See Barran v. State Bd. of Med.*, 670 A.2d 765 (Pa. Cmwlth. 1996); *Benford v. State Real Est. Comm'n*, 300 A.2d 922 (Pa. Cmwlth. 1973). If the Commission's findings are supported by substantial evidence, they are binding on appeal. *Cannizzaro.* Additionally, where substantial evidence supports a particular finding, it is irrelevant whether the record contains evidence that would support a contrary finding; the relevant inquiry is whether the record contains substantial evidence to support the findings actually made. *See Grabish v. Workmen's Comp. Appeal Bd. (Trueform Founds., Inc.)*, 453 A.2d 710 (Pa. Cmwlth. 1982). Further, we note that sanctions proposed by hearing examiners do not restrict the Commission's discretion in imposing more severe sanctions that are otherwise authorized under RELRA. *See Telang v. Bureau of Pro. & Occupational Affs. (State Bd. of Med.)*, 751 A.2d 1147 (Pa. 2000) (licensing board was authorized to impose an otherwise permissible sanction without regard to a hearing examiner's proposed sanction). While this Court has a duty to correct an abuse of discretion in the imposition of a penalty by the Commission, we will not substitute our own discretion

---

The [C]ommission shall have the power and its duty shall be to administer and enforce the laws of the Commonwealth relating to:

(1) Those activities involving real estate for which licensing is required under this act and to instruct and require its agents to bring prosecutions for unauthorized and unlawful practice.

63 P.S. § 455.406.

for that of the Commission, absent a clearly unreasonable exercise of judgment by that administrative body. *See Shenk v. State Real Est. Comm'n*, 527 A.2d 629 (Pa. Cmwlth. 1987).

Section 604(a) of the RELRA provides, in pertinent part, as follows:

(a) The [C]ommission may upon its own motion, and shall promptly upon the verified complaint in writing of any person setting forth a complaint under this section, ascertain the facts and, if warranted, hold a hearing for the suspension or revocation of a license or registration certificate or for the imposition of fines not exceeding $1,000, or both. The [C]ommission shall have power to refuse a license or registration certificate for cause or to suspend or revoke a license or registration certificate or to levy fines up to $1,000, or both, where the said license has been obtained by false representation, or by fraudulent act or conduct, or where a licensee or registrant, in performing or attempting to perform any of the acts mentioned herein, is found guilty of:

. . . .

(14) Being convicted in a court of competent jurisdiction in this or any other state, or Federal court, of forgery, embezzlement, obtaining money under false pretenses, bribery, larceny, extortion, conspiracy to defraud, or any similar offense or offenses, or any felony or pleading guilty or nolo contendere to any such offense or offenses.

(15) Violating any rule or regulation promulgated by the commission in the interest of the public and consistent with the provisions of this act.

63 P.S. § 455.604(a). Section 9124(c) of CHRIA further provides, in pertinent part, that

8

> [b]oards, commissions or departments of the Commonwealth authorized to license, certify, register or permit the practice of trades, occupations or professions may refuse to grant or renew, or may suspend or revoke any license, certificate, registration or permit for the following causes:
>
> > (1) Where the applicant has been convicted of a felony.

18 Pa.C.S. § 9124(c).

## A. The Status of Petitioner's Real Estate Salesperson License

Petitioner first argues that because his real estate salesperson license was not "current" at the time the Commission entered the Final Adjudication, the Commission erred by subjecting him to discipline. *See* Petitioner's Br. at 37-40. He is incorrect.

Our Supreme Court has noted that,

> [p]ursuant to [a]rticle I, [s]ection 1 of the Pennsylvania Constitution, all persons within this Commonwealth possess a protected interest in the practice of their profession. Thus, after a license to practice a particular profession has been acquired, the licensed professional has a protected property right in the practice of that profession. Nevertheless, the right to practice a chosen profession is subject to the lawful exercise of the power of the State to protect the public health, safety, welfare, and morals by promulgating laws and regulations that reasonably regulate occupations.

*Khan v. State Bd. of Auctioneer Exam'rs*, 842 A.2d 936, 946 (Pa. 2004) (internal citations omitted). Thus, "where a suspended professional license is susceptible to revival, the license holder maintains a property interest in the license." *Nicoletti v.*

9

*State Bd. of Vehicle Mfrs., Dealers & Salespersons*, 706 A.2d 891, 894 (Pa. Cmwlth. 1998). Further, where a licensee maintains such a property interest in his professional license, the licensee remains subject to the jurisdiction of the issuing authority for the purpose of discipline pursuant to the statute under which the license was granted. *See Nicoletti*, 706 A.2d at 894 (holding that licensee remained within the jurisdiction of the Vehicle Board[15] pursuant to the Board of Vehicles Act[16] despite expiration of vehicle salesperson license).

The Commission disposed of Petitioner's contention that he was not subject to discipline as follows:

> [Petitioner's] license was inactive at the time of the [Federal C]onvictions. However, [Petitioner] possesses a property interest in the license and he could have renewed it at any time by simply submitting the proper forms and paying the proper licensing fees. Even inactive licenses are subject to disciplinary action. *See*[] *Nicoletti* [], 706 A.2d [at] 893 [] (rejecting vehicle salesperson's argument that they could not be subject to discipline because their license had not been renewed prior to the disciplinary action). Due to the existence of precedent and [Petitioner's] property interest in his real estate salesperson's license until action against that license is taken by the Commission, the Commission rejects [Petitioner's claim that the Commission lacked jurisdiction to impose discipline by virtue of Petitioner's license being inactive.] . . .

Final Adjudication at 14.

---

[15] The State Board of Vehicle Manufacturers, Dealers and Salespersons.

[16] 18 U.S.C. § 371.

We find no error in the Commission's determination. Although his real estate salesperson license had expired, Petitioner maintained a protected property right in that license until revoked. Thus, prior to the entry of the Final Adjudication, Petitioner's real estate salesperson license was subject to revival, and had Petitioner filed the appropriate paperwork and remitted the required fee, the Commission would have been required to reinstate his real estate salesperson license. This revival potential and ongoing property interest in his real estate salesperson license subjected Petitioner to the Commission's continuing jurisdiction. *Nicoletti*. Therefore, Petitioner's claim that the Commission lacked jurisdiction over his real estate salesperson license lacks merit.

**B. Whether the Federal Convictions Subjected Petitioner to Discipline**

In his second claim, Petitioner claims that the Commission lacked authority to discipline him because the Federal Convictions were not for actions performed or attempted to be performed under his real estate salesperson license. *See* Petitioner's Br. at 39-40. Petitioner argues that, in order for the Commission to discipline a license holder under Section 604(a)(14) of the RELRA, convictions need to be related to the practice of real estate sales. *See id.* He is incorrect. Section 604(a)(14) of the RELRA contains no such restriction. *See* 63 P.S. § 455.604(a)(14). Instead, Section 604(a)(14) allows the Commission to refuse, suspend, or revoke a license and/or levy fines where a licensee is found guilty "in a court of competent jurisdiction in this or any other state, or Federal court, of forgery, embezzlement, obtaining money under false pretenses, bribery, larceny, extortion, conspiracy to defraud, or any similar offense or offenses, **or any felony**[.]" 63 P.S. § 455.604(a)(14) (emphasis provided).

11

Petitioner's reliance on the language "where a licensee or registrant, in performing or attempting to perform any of the acts mentioned herein" from Section 604(a) to support his reading of the statute is unavailing. *See* Petitioner's Br. at 39. As the Commission notes,[17] this Section 604(a) language does not constitute a restriction on the imposition of discipline to violations of law occurring during or in relation to real estate transactions, but refers instead to the 31 enumerated subsections that follow subsection (a) in the statute, a finding of guilt for any of which[18] will permit the Commission to refuse a license or registration certificate for cause or to suspend or revoke a license or registration certificate or to levy fines up to $1,000, or both. *See* 63 P.S. § 455.604(a). Further, this Court has found that the addition of the words "or any felony" after "or any similar offense" to Section 604(a)(14)[19] illustrates that the General Assembly did not intend to limit the number or type of felonies proscribed by Section 604(a)(14) of the RELRA. *See Rinck v. Bureau of Pro. & Occupational Affs., State Real Est. Comm'n*, 588 A.2d 588, 591 (Pa. Cmwlth. 1991) (affirming Commission's revocation of a real estate license and an instructor certification under Section 604(a)(14) of the RELRA following conviction on a charge of possession of a Schedule II controlled substance with intent to deliver, in violation of Section 113(f)(1) of The Controlled Substance,

[17] *See* Commission's Br. at 15.

[18] We note that the 31 enumerated subsections of Section 604(a) represent supplemental justifications for discipline by the Commission in addition to instances where a license has been obtained by false representation, or by fraudulent act or conduct, as previously specified in Section 604(a). *See* 63 P.S. § 455.604(a).

[19] The General Assembly added this language in 1984. *See* Act of March 29, 1984, P.L. 162, No. 32, § 12.

Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, 35 P.S. § 780-113(f)(1)).

Here, the Federal Convictions occurred in the United States District Court for the Middle District of Pennsylvania, which is unquestionably a court of competent jurisdiction over federal criminal actions. Further, as the Commission observed: "There is no dispute that the [Federal C]onvictions were for fraudulent actions committed against his clients. [Petitioner] knowingly and intentionally engaged in a series of actions and transactions with the intent to defraud his clients and enrich himself." Final Adjudication at 15. Additionally, the Commission observed that "there is no dispute that the crimes [Petitioner] was convicted of were graded as felonies." *Id.* The Commission provided a sound assessment of the matter, explaining, in relevant part, as follows:

> The Commission, in order to protect society and clients of real estate professional[s], is well within its authority to sanction individuals licensed by the Commission for crimes of this nature. Indeed, explaining the intricacies of a real estate transaction to unsophisticated clients, and properly and honestly filling out paperwork, are core functions of the real estate profession. [W]hen the fraudulent and deceitful actions occurred is not relevant[;] it is the date of the conviction for these actions that is key. [U]ntil there is a conviction, the Commission has no reason or ability to know of such fraudulent activities. [Had Petitioner] disclosed his fraudulent actions on his application for licensure, the Commission would have been well within its authority to deny licensure to [Petitioner] at that time. To deny the Commission th[e] ability to sanction a licensee once prior fraudulent actions and practices come to light[] would deny the Commission the ability to protect the public from known financial predators. For these reasons, the Commission also finds that[,] due to the nature of [the Federal C]onvictions,

13

licensure of [Petitioner] would pose a substantial risk to the health and safety of [Petitioner's] clients or the public, or a substantial risk of further convictions. Therefore, Counts 1-11 and 13 of the [A]OSC are sustained. . . .

Count 12 charges that [Petitioner] is subject to disciplinary action under [S]ection []604(a)(15) of the RELRA in that [Petitioner] failed to notify the Commission of being convicted of [w]ire [f]raud and [m]ail [f]raud within thirty (30) days of the verdict or plea, as required by the Commission regulation found at 49 Pa. Code § 35.290(a).[20] [Petitioner], while holding a license issued by the Commission, was convicted of serious felony offen[s]es. [Petitioner], as required by the Commission's regulations, did not report the convictions to the Commission. As such, Count 12 is sustained.

Count 14 charges that [Petitioner] is subject to disciplinary action under Section 9124(c)(1) of CHRIA because [Petitioner] was convicted of [w]ire [f]raud and [m]ail [f]raud, felonies under 18 U.S.C. §§ 1341 and 1343, and in accordance with 63 Pa.C.S. § 3113(b)(2), due to the nature of the criminal convictions, licensure of [Petitioner] would pose a substantial risk to the health and safety of [Petitioner's] clients or the public, or a substantial risk of further convictions. [Petitioner's] convictions were for felony offen[s]es, and the Commission believes that [Petitioner] does pose a substantial risk to the health and safety of [Petitioner's] clients or the public, or a substantial risk of further convictions. Therefore, Count 14 is sustained. . . .

---

[20] Section 35.290(a) requires a licensee to "notify the Commission of being convicted of, or pleading guilty or nolo contendere to, a felony or misdemeanor, within 30 days of the verdict or plea." 49 Pa. Code § 35.290(a).

14

*Id.* 15-16 (italics omitted).  We find no error or violation of Petitioner's rights in the Commission's determinations in the Final Adjudication, which are fully supported by the record.


## IV. Conclusion

For the reasons above, we affirm the Final Adjudication.


_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Diaz,                                         :
                          Petitioner    :
                                                       :
            v.                                         :
                                                       :
State Real Estate Commission,              :       No. 1659 C.D. 2023
                          Respondent    :

## **O R D E R**

AND NOW, this 7th day of July, 2025, the December 6, 2023 Final Adjudication and Order of the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs, State Real Estate Commission, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge